MORGAN, Warden, v. ADAMS.

(Circuit Court of Appeals, Eighth Circuit. September 27, 1915.)

No. 4397.

*(Syllabus by the Court.)*

CRIMINAL LAW ⟨⟨=⟩999—SUSPENSION OF SENTENCE—INVALID ORDER—EFFECT.

Conceding that an order made by a court without statutory authority, in the absence of the pendency of a motion for a new trial, a motion in arrest of judgment, a writ of error, or some necessity thereby to preserve the rights of the convict, or to prevent the infliction upon him of undue hardship, suspending in whole or in part, during good behavior, or for an indefinite time, a sentence of fine and imprisonment against him, is unauthorized, yet such order does not, although made at the same time with, or embodied in, the judgment imposing the sentence, invalidate that sentence, and the court may issue a mittimus and enforce it, after the expiration of the term at which it is imposed, notwithstanding the order of suspension.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2550–2553; Dec. Dig. ⟨⟨=⟩999.]

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Habeas corpus by James Adams, alias James Allen, against Thomas W. Morgan, Warden of the United States Penitentiary at Leavenworth, Kan. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

L. S. Harvey, Asst. U. S. Atty., of Kansas City, Kan. (Fred Robertson, U. S. Atty., of Kansas City, Kan., and F. M. Brady, Asst. U. S. Atty., of Topeka, Kan., on the brief), for appellant.

Turner W. Bell, of Leavenworth, Kan., for appellee.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

SANBORN, Circuit Judge. The warden of the United States penitentiary at Leavenworth challenges an order of the court below directing the discharge from his custody of James Adams on a writ of habeas corpus upon this state of facts: On February 10, 1913, the United States District Court for the Northern District of Ohio sentenced Adams on each of two counts of an indictment against him to the payment of a fine and to imprisonment in the penitentiary at Leavenworth for the term of five years after that date, and "ordered that the sentence as to imprisonment be suspended during good behavior." During the second term of that court thereafter, and on

---

⟨⟨=⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

November 6, 1913, it ordered the order suspending the sentence vacated on the ground that Adams had violated the terms thereof, and also "ordered that he be conveyed to the penitentiary, there to be imprisoned in accordance with the sentence heretofore imposed," and on the same day a mittimus was issued by the court to the marshal, of the district, based on the sentence of February 10, 1913, alone, whereby the marshal was commanded to take, convey, and deliver Adams to the warden of the penitentiary at Leavenworth, "there to be imprisoned in pursuance of the said sentence," and the warden was holding him under that writ and sentence when his authority to do so was challenged by the writ of habeas corpus. The trial court discharged the prisoner, on the ground that, because the court ordered the sentence suspended during the good behavior of the accused, at the same time that it rendered the judgment imposing the sentence, the latter was unauthorized by law, the commitment under it was illegal, and did not justify the imprisonment of the convict.

Counsel for the warden does not challenge the proposition that without statutory authority, and there was none here, a court, in the absence of the pendency of a motion for a new trial, a motion in arrest of judgment, a writ of error, or some necessity thereby to preserve the rights of the convict, or to prevent the infliction upon him of undue hardship, is without power to suspend the sentence against him for an indefinite time, and that under this rule the order of suspension of the judgment during good behavior was void. This concession of the counsel for the warden of the correctness of this proposition and conclusion, upon which there is a conflict among the authorities, renders it unnecessary to consider them, and this case is discussed and decided on the concession, without the expression or intimation of the views of this court concerning them.

There remains for consideration this question: When a court, upon conviction of an accused person, sentences him to fine and imprisonment, and in the entry of the judgment, or thereafter, causes the entry of an unauthorized order suspending the sentence, or a part thereof, during the good behavior of the accused, or during any other indefinite time, is the sentence void, so that after the expiration of the term the court is without jurisdiction to issue a mittimus or other process to enforce it? The court below answered this question in the affirmative, and its decision is sustained by the opinions in United States v. Wilson (C. C.) 46 Fed. 748, Ex parte Clendenning, 22 Okl. 108, 97 Pac. 650, 653, 19 L. R. A. (N. S.) 1041, 132 Am. St. Rep. 628, Ex parte Peterson, 19 Idaho, 433, 113 Pac. 729, 730, 35 L. R. A. (N. S.) 1067, and In re Strickler, 51 Kan. 700, 702, 33 Pac. 620. The following authorities tend to sustain a negative answer to the same question: State v. Abbott, 87 S. C. 466, 70 S. E. 6, 8, 33 L. R. A. (N. S.) 112, Ann. Cas. 1912B, 1189; State ex rel. Buckley v. Drew, 75 N. H. 402, 74 Atl. 875; Sylvester v. State, 65 N. H. 193, 20 Atl. 954; State v. Hatley, 110 N. C. 522, 14 S. E. 751, 752; State v. Whitt, 117 N. C. 804, 23 S. E. 452, 453; Tanner v. Wiggins, 54 Fla. 203, 45 South. 459, 14 Ann. Cas. 718; Fuller v. State, 100 Miss. 811, 57 South. 806, 808, 39 L. R. A. (N. S.) 242, Ann. Cas. 1914A, 98.

The arguments in support of the affirmative answer are forcibly and exhaustively stated in the opinion of Judge Dunn in Ex parte Clendenning, 22 Okl. 108, 97 Pac. 650, 653, 19 L. R. A. (N. S.) 1041, 132 Am. St. Rep. 628, and those in support of the negative answer no less so in the opinion of Judge Woods in State v. Abbott, 87 S. C. 466, 70 S. E. 6, 8, 33 L. R. A. (N. S.) 112, Ann. Cas. 1912B, 1189. It is useless to repeat these arguments here. Those who are curious to examine them may find them in the opinions referred to. They have been deliberately considered, and it is sufficient to say that the conclusion forced upon our minds is that, if the order suspending such a sentence is illegal, it is so not because it is irregular or technically defective, but because it is beyond the power of the court, and it is therefore void, and the sentence stands, and is enforceable by the court at any time after its rendition, either before or after the term of the court, until the convict has suffered the penalties it imposes. Even if the order of suspension is embodied in the judgment which imposes the sentence, nevertheless the sentence is authorized and valid, while the order of suspension is unauthorized and void, and, as the latter is separable from the former, the latter falls, while the sentence stands. "Concede," says Judge Young in State ex rel. Buckley v. Drew, 75 N. H. 402, 74 Atl. 875, "that the court had no authority to suspend the [defendants'] sentences, and the fact still remains that it had power to impose them; and, as the two parts of the order are separate and distinct, the illegality of the last part would in no way affect the validity of the first part."

Let the judgment and order discharging the prisoner be reversed, and let the case be remanded to the court below for further proceedings consistent with the views expressed in this opinion.