STATE ex rel HORNER, State's Attorney, Plaintiff, v. TAYLOR, Circuit Judge, et al, Defendants.

(196 N. W. 494.)

(File No. 5395.   Opinion filed December 21, 1923.)

**Criminal Law—Pardon—Court Cannot Suspend Execution of Sentence.**

Under Const., Art 4, Sec. 5, the Governor's pardon power is exclusive, and a court pronouncing a sentence is without authority to suspend its execution, and parole defendant; Rev. Code 1919, Secs. 4968-4969, being unconstitutional, if construed as an attempt to confer such power.

Original application by the state, on the relation of Harry R. Horner, State's Attorney of Hughes County, for a writ of certiorari to be directed to Alva E. Taylor, Judge of Ninth Judicial Circuit, and others, to review an order of such judge suspending sentence and paroling William Whiteman, Jr., and another, after sentence on plea of guilty of burglary.   Order of suspension canceled.

*Harry R. Horner,* State's Attorney, of Pierre, for Plaintiff.
*Martens & Goldsmith,* of Pierre, for Defendants.

Plaintiff cited: Ex parte Hart (N. D.), 149 N. W. 568; Ex parte U. S., 242 U. S. 27, 37 Sup. Ct. 72.

Defendants cited: People ex rel Forsythe v. Court (N. Y.), 36 N. E. 386; Rev. Code 1919, Secs. 4968, 4969.

DILLON, J. This is an original proceeding brought by the state's attorney of Hughes county, as relator, and plaintiff against the above-named defendants, for a writ of certiorari; he asks that there be certified to this court a transcript of the proceedings now pending in the circuit court of Hughes county, wherein the State of South Dakota is plaintiff and William Whiteman, Jr., and Milton Smith are defendants, including the sentence of the court and the order suspending sentence, so that the same may be reviewed.

It appears that William Whiteman, Jr., and Milton Smith, defendants, entered a plea of guilty to a charge of burglary filed against them, that upon this plea Judge Taylor pronounced sentence and judgment by which defendants were sentenced to imprisonment in the state penitentiary for the term of 11 months and 27 days, and on the same day before the said defendants had entered upon the execution of said sentence, the court entered its order suspending sentence and paroling the defendants. The order is as follows:

"Now, upon evidence being produced, the court is satisfied that, in furtherance of justice, the sentence should be suspended and the defendants released on parole, and that there is reasonable expectation of the reformation of defendants and welfare of society will not suffer by reason of such suspension and parole:

"It is therefore ordered that the judgment and sentence rendered by this court on April 23, 1923, against the defendants, William Whiteman, Jr., and Milton Smith, be and the same is suspended during good behavior and defendants released on parole upon condition that defendants and each of them conduct himself as a good upright citizen, that he shall not use intoxicating liquors whatever, that he shall secure lawful and useful employment, he shall report to the sheriff of Hughes county in person, once each week, stating in such report where he is employed and the work

he is employed at and whether or not he has in any way violated
the conditions of his suspension and parole, and he shall report in
person at the first day of the May term, 1923, of the court to be
held at Pierre in said county, and the defendants shall not leave
the county of Hughes, state of South Dakota, without permis-
sion of the judge of this court, and the defendants be prohibited
from leaving Hughes county, South Dakota, for a period of two
years except by permission of the court herein.  The power is re-
served by the court to revise this order of suspension and parole
when any of the conditions hereby imposed has been broken by
the said defendants and to impose any further conditions that may
be meet and proper."

In State ex rel Payne v. Anderson, 43 S. D. 630, 181 N. W.
839, this court held that the suspension of the execution of sen-
tence such as was done in that case violated the provisions of
Const., art 4, § 5, which vests the pardoning power in the Gov-
ernor.  There is no distinction in principle between that case and
this.  To the authorities cited in that case there should be added
the illuminating discussion of that question found in Ex parte
United States, 242 U. S. 27, 37 Sup. Ct. 72, 61 L. ed. 129, L. R.
A. 1917E, 1178, Ann. Cas. 1917B, 355, wherein Mr. Chief Justice
White said:

"Indisputably under our constitutional system the right to
try offenses against the criminal laws and upon conviction to
impose the punishment provided by law is judicial, and it is
equally to be conceded that in exerting the powers vested in them
on such subject, courts inherently possess ample right to exercise
reasonable, that is, judicial, discretion to enable them to wisely
exert their authority.  But these concessions afford no ground for
the contention as to power here made, since it must rest upon the
proposition that the power to enforce begets inherently a discre-
tion to permanently refuse to do so.  And the effect of the propo-
sition urged upon the distribution of powers made by the Consti-
tution will become apparent when it is observed that indisputable
also is it that the authority to define and fix the punishment for
crime is legislative and includes the right in advance to bring
within judicial discretion, for the purpose of executing the statute,
elements of consideration which would be otherwise beyond the
scope of judicial authority, and that the right to relieve from the

punishment, fixed by law and ascertained according to the methods by it provided, belongs to the executive department."

If sections 4868 and 4869, Rev. Code 1919, be construed as vesting in the court power to suspend the execution of the sentence beyond the limited power described in State ex rel Payne v. Anderson, supra, said sections would be clearly in violation of the above constitutional provision.

For reasons set forth in the two mentioned cases, the circuit court is directed to cancel and treat for naught the order of suspension hereinbefore set forth.

Note.—Reported in 196 N. W. 494.    See, Headnote, American Key-Numbered Digest, Criminal law, Key-No. 1001, 16 C. J. Sec. 3139; Pardon, Key-Nos. 1, 2.