FRISKE, Relator, v. CIRCUIT COURT OF CODINGTON COUNTY et al, Respondent.

(214 N. W. 812.)

(File No. 6508.   Opinion filed July 9, 1927.   Rehearing denied September 19, 1927.)

1. **Criminal Law—Certiorari Held Proper Method of Presenting to Supreme Court Claim that Relator Was Illegally Confined (Rev. Code 1919, §§ 4968-4970).**

    Certiorari held to be proper method of presenting to Supreme Court claimed illegality of relator's confinement after suspension of sentence had been revoked, under Rev. Code 1919, §§ 4968-4970.

2. **Criminal Law—Order of Suspension, Made at Time of and as Part of Judgments of Conviction, Held Unauthorized (Rev. Code 1919, § 4968).**

    Under Rev. Code 1919, § 4968, order suspending execution made at time of and as part of judgments of conviction held unauthorized and void.

3. **Criminal Law—Judgments of Conviction Held Valid, Although Order of Suspension Contained Therein Was Void.**

    Judgments of conviction, in so far as defendant was thereby sentenced to imprisonment, were valid, although order of suspension contained in judgments was unauthorized and void.

4. **Criminal Law—Where Judgment Was Valid Though Suspension Contained Therein Was Void, Sentence Could Be Enforced at Any Time.**

Where judgment of conviction was valid although suspension of execution contained therein was void, there was no limit as to time beyond which sentence could not be enforced since jurisdiction remained in court to enforce judgment.

5. **Criminal Law—Relator, Being Imprisoned by Force of Valid Judgments After Void Suspension Was Revoked, and Not by Force of Orders of Which He Complained, Cannot Question Orders.**

Relator, being imprisoned by force of valid judgment after void suspension of sentence had been revoked, and not by force of orders of which he complained, was not in position to question orders which merely cleared record.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 1011, 17 C. J. Sec. 3267; (2) Key-No. 1001, 16 C. J. Sec. 3139; (3) Key-No. 99(3), 16 C. J. Sec. 3142; (4) Key-No. 1001, 16 C. J. Sec. 3142.

On power of court to suspend sentence or stay execution of sentence, see annotation in 33 L. R. A. (N. S.) 112; 39 L. R. A. (N. S.) 242; L. R. A. 1915C, 1169; L. R. A. 1918C, 551; 8 R. C. L. 256; 4 R. C. L. Supp. 542; 5 R. C. L. Supp. 460.

For procedure in certiorari, see Bancroft's Code Practice and Remedies, Vol. 4, pg. 3540.

Original proceeding in certiorari by Antone Friske against the Circuit Court of Codington County, in the Third Judicial district in the state of South Dakota, and Hon. W. N. Skinner and W. W. Knight, Judges thereof, and another, to determine the legality of relator's confinement. Orders imprisoning relator affirmed.

*Hasche & Foley* and *Eugene P. Campbell,* all of Watertown, for Relator.

*Buell F. Jones,* Attorney General, and *H. A. Linstrom,* Assistant Attorney General, for Respondents.

MISER, C. In this case, Friske, the relator, was convicted of a felony, and before sentence pleaded guilty to three other felonies. Thereafter, on December 27, 1922, judgment was pronounced on all four convictions. For the felony on which he was tried, he was sentenced to one year and nine months in the penitentiary, such sentence to commence on the day he entered said

institution. On each of the second, third, and fourth felonies, being second, third, and fourth in date of commission, in time of plea, and in order of sentence, he was sentenced to nine months in the state penitentiary. In each of the second, third, and fourth judgments, after prescribing the above penalty and fixing the beginning of the term in the following language: "Commencing on 12 o'clock noon of the day that you enter said institution under this sentence," the following proviso is found:

"Provided, however, that said penitentiary sentence is hereby suspended upon condition * * * that you hereafter conduct yourself as a law-abiding citizen, and that you keep no intoxicating liquor about your premises, and permit none to be kept thereon, and that the sheriff of Codington county or any police officer may, at any time, without a search warrant, search your premises to ascertain whether or not the conditions of this sentence are being violated: Provided, further, that if the suspension of this sentence shall be revoked, the sentence hereby imposed shall not run concurrently with any other sentence theretofore or hereafter imposed upon you, the said Antone Friske."

A certified copy of the first judgment was forthwith furnished to the sheriff, who, upon the following day, delivered the defendant with certified copy of the judgment to the warden of the state penitentiary, where the defendant remained as a prisoner under said commitment until he was paroled on November 28, 1923. Upon the second, third, and fourth judgments certified copies were not issued by the clerk of courts until the 11th day of April, 1927, on which date three orders, signed by the trial judge, were filed with the clerk of courts, which orders recited that the suspension of the judgment and sentence, dated December 27, 1922, "be, and the same is hereby set aside; and it is the further order of the court that the sheriff of Codington county, S. D., take the said Anton Friske into his custody and deliver him to the warden of the penitentiary at Sioux Falls, S. D., to serve the sentence of nine months in said institution, as required" by the second, third, and fourth judgments respectively. These orders revoking suspension of sentences were made upon affidavit of a federal prohibition agent stating that said Friske, on April 2, 1927, was keeping on his premises and had on that day sold moonshine liquor. Upon being imprisoned in the state peniten-

27—Vol. 51, S. D.

tiary, the relator applied to this court for a writ of certiorari to inquire into the authority of the circuit court of Codington county in the third judicial circuit to commit and require the confinement of the relator.

[1] Numerous questions present themselves for consideration under this record, the first being as to the proper method of presenting to this court the claimed illegality of relator's confinement. This court has said, in Ex parte Dunn, 50 S. D. 48, 208 N. W. 226, that:

"Any error of the trial court in failing to do the things required by law, or any act of such court in excess of the powers conferred upon it by law, may be controlled or corrected by appropriate proceedings in mandamus or certiorari."

Therefore the relator has chosen a proper method of presenting his claim that he is illegally confined.

[2] Next we must consider, in turn, whether the court had authority to suspend the execution of the second, third, and fourth sentences by an order contained within the respective judgments; whether the judgments themselves were valid although there was contained within each an invalid order suspending its execution; whether, if the judgment is valid though the suspension is void, there is any limit as to time within which the sentence must be enforced. Whether the second, third, and fourth sentences run concurrently or successively we do not herein determine.

Section 4968, Rev. Code 1919, purports to give to trial courts and judges the power to suspend sentences. Section 4969 purports to give to trial judges the power to parole. Section 4970 provides for the revocation of suspension or parole in the following language:

"Any order suspending sentence under the provisions of the second preceding section, or any order of parole made under the provisions of the preceding section, may be revoked by the court or judge whenever the conditions thereof are violated, and the sentence shall then be effective to the same extent as if no order suspending the same or no order of parole had ever been entered."

Sections 4968 and 4969 were amended in 1923 (Laws 1923, c. 153) by providing that they should apply only to first offenders and should not apply to the jail sentences of persons convicted

under the intoxicating liquor laws of the state. The defendant, however, having been sentenced in 1922, is not affected by any amendment to these sections.

In State ex rel Payne v. Anderson, 43 S. D. 630, 181 N. W. 839, this court held that the foregoing sections did not confer upon the trial judge the right to suspend a sentence to a term in the penitentiary after several months of the same had been served, this court holding that such power cannot be conferred upon the judicial branch of the government under the Constitution of South Dakota. This was also an original proceeding in certiorari brought on relation of the Attorney General. Neither in the foregoing case nor in State ex rel Horner v. Taylor, 47 S. D. 124, 196 N. W. 494, did this court determine whether or not the foregoing statute is constitutional if construed as giving to trial courts and judges thereof the right to suspend the imposing of a sentence after conviction; and, as to the suspension of the execution of the sentence, it is stated that:

"There is a certain power to suspend the execution of a sentence which has always been recognized as vested in courts and judges—the power to suspend pending a hearing of a motion for new trial, or pending the effecting of an appeal, or pending an application for pardon; * * * and the exercise of such power has never been deemed in the slightest degree, an exercise of the pardoning power."

The court, however, held that the power to indefinitely postpone the execution of a criminal sentence partakes of the nature and is in effect the pardoning power, a power which does not belong to the courts of this state, but which is vested in the Governor; and therefore the circuit court was directed to cancel and treat for naught that instrument purporting to be an order suspending the sentence of the defendant Haugen. In the case of State ex rel Horner v. Taylor, supra, likewise upon an original application by the state for a writ of certiorari, this court said:

"If sections 4968 and 4969, Rev. Code 1919, be construed as vesting in the court power to suspend the execution of the sentence beyond the limited power described in State ex rel Payne v. Anderson, supra, said sections would be clearly in violation of the above constitutional provision,"

—and quoted the language of Chief Justice White in Ex parte

United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355, that:

"The right to relief from punishment, fixed by law and ascertained according to the methods by it provided, belongs to the executive department."

It would therefore appear that the order of suspension, made at the time of and as part of the second, third, and fourth judgments, was unauthorized.

[3]  What, then, is the effect of this void order within the judgment? In Morgan v. Adams, 226 F. 719, 141 C. C. A. 475, an appeal to the Circuit Court of Appeals, Eighth circuit, before Sanborn and Carland, circuit judges, and Trieber, district judge, after citing authorities both pro and con, the court said:

"Even if the order of suspension is embodied in the judgment which imposes the sentence, nevertheless the sentence is authorized and valid, while the order of suspension in unauthorized and void, and as the latter is separable from the former, the latter falls, while the sentence stands."

The conflict between decisions on the question is summarized in Corpus Juris as follows:

"According to the weight of authority, when the court makes an unauthorized order suspending the execution of the sentence it does not prevent the subsequent execution thereof, because the validity of the judgment is not affected by such an order, even though it is made a part of the judgment imposing the sentence." 16 C. J. 1335.

See, also, 8 R. C. L. 254. Sec. 260, Criminal Law.

It would therefore appear that the second, third, and fourth judgments, in so far as the defendant was thereby sentenced to imprisonment are valid, though the order of suspension contained in each of said judgments is unauthorized and void.

[4]  If the judgment is valid, though the suspension be void, is there any limit as to the time beyond which the sentence cannot be enforced? The decisions of the courts upon this point are considered in section 262 of the title "Criminal Law," 8 R. C. L. 256, and in section 3142, "Criminal Law," 16 C. J. 1335 and 1336. The holdings of the courts vary from that in Tuttle v. Lang, 100 Me. 123, 60 A. 892, the essential facts of which are very similar to the facts of the case at bar, to the case of Fuller v. State, 100

Miss. 811, 57 So. 806, 39 L. R. A. (N. S.) 242, Ann. Cas. 1914A, 98. In the Maine decision, which finds abundant authority in the cases therein cited, it is held that the court loses jurisdiction after it has suspended the sentence of the prisoner, and it can never thereafter issue a mittimus for his commitment, and the fact that the prisoner assented to the suspension is immaterial. In the Mississippi case, which finds even more abundant authority in the cases therein cited, it is held that, while the petitioner was at large under a void order of suspension, he was in the same situation as one who had escaped from custody; that, in such cases, the sentence is not satisfied until it has been actually served; and that he could not object to being called upon to serve it, for the postponement of his imprisonment was presumably with his consent. The statement of the learned author of that portion of the title "Criminal Law" contained within section 3142, 16 C. J. 1335, that, "According to the weight of authority, where the court makes an unauthorized order suspending the execution of the sentence it does not prevent the subsequent enforcement thereof, and may be enforced at any time after its rendition, so long as it remains unexecuted," is an accurate and fair appraisement of the decisions even to the present time. Probably no collation of authority, both pro and con, in any decided case, can be found more complete and modern than that in Egbert v. Tauer, 191 Ind. 547, 132 N. E. 370, 134 N. E. 199. In State v. Abbott, 87 S. C. 466, 70 S. E. 6, 33 L. R. A. (N. S.) 112, Ann. Cas. 1912B, 1189, which is followed in Egbert v. Tauer, supra, a careful and able review of the conflicting authorities was also made and the conclusion also reached that:

"The sentence is satisfied, not by the lapse of time after it is pronounced, but by the actual suffering of the imprisonment imposed by it."

Nor do we ignore the fact that sections 4968 to 4971, supra, were enacted as chapter 163 of the Laws of 1913; that, from that date, trial courts not only suspended sentences, but stayed execution of judgments of imprisonment; that, even after the decision in State ex rel Payne v. Anderson, by reason of the unusual facts in that case, the suspension of the execution of sentences did not entirely cease, although in that decision section 4968 was held unconstitutional if construed as giving to courts the power to indefi-

nitely postpone the execution of a criminal sentence, that being held to be an invasion of the pardoning power vested in executive authority; that, until the decision of this court in State ex rel Horner v. Taylor, supra, the opinion in which was filed on December 21, 1923, there were differences of opinion among trial judges as to their power to suspend the execution of sentences in criminal cases; that, in the best of faith and in the belief of the legality of such acts and with the worthiest of motives, hundreds of executions of sentences were indefinitely stayed by trial courts.

Nor are we unmindful of the fact that, although such exercise of judicial clemency has not been uniformly attended with success, yet doubtless there have been many reformations effected; that, where the good conduct of one the execution of whose sentence has thus been stayed has won for him a position of high standing in his community, the serving of his belated sentence would be repugnant to justice and opposed to the modern theory that punishment is not for retaliation but for the protection of society, as graphically pointed out by the Missouri court in Ex parte Bugg, 163 Mo. App. 44, 145 S. W. 831.

Nor do we disregard the fact that, where conditions have in good faith been imposed by a court, and in good faith those conditions have been accepted by one the execution of whose sentence has thereupon been stayed, and those conditions have in good faith been complied with, good faith as well as justice demands the highest measure of consideration for one who has so complied.

We have therefore not limited our investigation to the able briefs of counsel nor to the cases therein cited, but have examined every decided case, so far as available, which appeared to touch upon the question of limitation of the enforcement of such suspended sentences. The conclusion has been inevitable. Logic, reason, and the overwhelming weight of authority compel the conclusion that, if the courts of South Dakota cannot lawfully stay the execution of sentences beyond the limits prescribed by State ex rel Payne v. Anderson, supra, and if, though contained within it there is an unauthorized order of suspension, the judgment itself be valid, as we have held herein and must hold, then jurisdiction must remain in the court to enforce its valid judgments. State v. Abbott, supra. To hold otherwise would be to

say that a court could by indirection do that which it could not lawfully do directly; namely, to suspend indefinitely the execution of a sentence and thereby pardon.

Nor was the opinion of Chief Justice White in Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355, supra, delivered without full consideration of the consequences of declaring the practice of suspending the execution of sentences illegal. He says:

"But we are admonished that no authority exists to cure wrongs resulting from a violation of the Constitution in the past, however meritorious may have been the motive giving rise to it, by sanctioning a disregard of that instrument in the future. On the contrary, so far as wrong resulting from an attempt to do away with the consequences of a mistaken exercise of power in the past is concerned, complete remedy may be afforded by the exercise of the pardoning power."

The same law, therefore, which denies to the courts the power to grant the relief herein sought, reposes in the executive department of the state government a power adequately complete to meet every demand of justice.

[5] The original judgments being valid and never having been served, relator is now lawfully imprisoned thereunder. The stays of execution being void, the court could at any time have entered an order, if, indeed, an order was necessary, directing that certified copies of said judgments be given to the proper officer and relator taken into custody thereon. This, in substance, the court has now done. The relator, being therefore imprisoned by force of valid judgments and not by force of the orders of which he complains, is not in a position to question said orders, which at best merely cleared the record, and they will therefore be affirmed.

CAMPBELL, P. J., and GATES, POLLEY, SHERWOOD, and BURCH, JJ., concur.