Francis CANEVA, d/b/a Brunswick Building Corporation, A Partnership, Plaintiff and Appellant,

v.

MINERS AND MERCHANTS BANK, A Banking Corporation, David R. Workman, Donna L. Workman, David J. Workman and Daniel W. Workman, Defendants and Appellees.

No. 13996.

Supreme Court of South Dakota.

Argued April 18, 1983.

Decided June 22, 1983.

Reed C. Richards of Richards & Richards, Deadwood, for plaintiff and appellant.

Wynn A. Gunderson of Gunderson & Palmer, Rapid City, for defendants and appellees Workmans.

Raymond J. Voelker, Jr. of Voelker & Adam, P.C., Deadwood, for defendant and appellee Bank.

FOSHEIM, Chief Justice.

This is an appeal from a summary judgment in favor of the appellees. We affirm in part, reverse in part and remand.

Francis Caneva (appellant) is a partner in the Brunswick Building Corporation which owned certain property in Deadwood, South Dakota. In 1977, appellant leased this property to Appellees David and Donna Workman (Workmans) and their two sons. The lease was for a term of five years with a rental of $400 per month. The retail business Workmans established on the leased premises was sold by them to Gene Melton. As part of this sale, an agreement to pay rent was signed by appellant, Workmans and Appellee Miners and Merchants Bank (Bank).

Payments under the lease ceased and appellant commenced this action alleging the lease between appellant and Workmans, its assignment to the Bank, and the agreement to pay rent. Appellant alleged that under the agreement to pay rent if Mr. Melton defaulted, then the Bank agreed to pay rent and if the Bank defaulted, then Workmans were responsible therefore. Appellant claimed the Bank breached all three agreements; that appellant found another tenant, but for $100 per month less than the lease provided; and that when appellant demanded damages, all appellees denied his claims and refused payment. Appellant sought to recover damages in lost rent, expense for clean-up, and sign removal.

The Bank denied appellant's allegations and claimed appellant received the required notice [1] from the Bank that it was not going to pay rent; that appellant did not use

---

1. We assume the Bank refers to clauses in the agreement to pay rent which state:
    1. If Gene Melton shall neglect or refuse to pay the rent under the lease attached as Exhibit A, then Bank shall be required to pay the lease payments under the lease attached as Exhibit A unless Bank shall give Brunswick written notice of Bank's denial of the payment of said rent.
    2. If Gene Melton refuses or neglects to pay the rent under the lease attached as Exhibit A, and if Bank refuses or neglects to pay the lease payments expressed in the lease attached as Exhibit A, then Workman hereby agrees to be ultimately responsible to pay the lease payments under the lease attached as Exhibit A.
    3. Bank shall have the first right under the lease payment in the event Gene Melton neglects or refuses to pay the lease payment to make the payment under the lease agreement and to take possession of the premises and all property contained therein subject to the lease. The provisions of Paragraph 18 of the lease attached as Exhibit A shall be the right of Bank in particular, together with all the rights contained within the lease.

commercially reasonable efforts to mitigate damages, if any; and that appellant and the Bank entered into an accord and satisfaction when appellant accepted a month's rent from the Bank accompanied by a "Notice of Reservation from Liability." The Bank also cross-claimed against Workmans, alleging Workmans' ultimate liability under the three agreements and praying that the court order Workmans to indemnify the Bank to the extent of any judgment awarded against it.

The answer of David & Donna Workman [2] admitted the lease with appellant, its assignment to the Bank, and the agreement to pay rent as interpreted by appellant. Workmans claimed insufficient information to admit or deny any breach of these agreements by the Bank and appellant's damages. Workmans denied appellant had made demand on them for damages and that payment was refused. Workmans joined the Bank's defenses of mitigation of damages and accord and satisfaction. As further defenses, Workmans alleged that they did not have an opportunity to cure the rent default because they were not notified of the default as required in Paragraph 18 of the lease,[3] nor did they receive notice of demand for rent as is implicitly required in the agreement to pay rent.[4] Workmans also defended on the ground that the agreement to pay rent was unenforceable against them because of a want or failure of consideration. Workmans answered the Bank's cross-claim, denying ultimate liability under the agreements sued on by appellant and alleging the Bank's primary liability under the agreement to pay rent.

All parties moved for summary judgment. Appellant's affidavit disputed the Bank's defense that it notified appellant it was not going to pay more rent and further disputed appellees' defenses of accord and satisfaction and unreasonable mitigation of damages. Appellant's affidavit lacks any facts that he, or any one else, notified Workmans that rental payments were in default.

The Bank's supporting affidavit was given by the Bank's president. He stated that pursuant to the agreement to pay rent, the Bank was obligated to pay rent "*unless* written notice be given to the Lessor denying the payment of rent." He did not say this notice was given, but that he instructed the Bank's law firm to do it. The president did not state that he or anyone else gave Workmans notice that the rent payments were in default and that they were obligated to pay.

Workmans' affidavit in support of their motion reiterated that they did not receive the notice required by Paragraph 18 of the lease (see f.n. 3, *supra*) and that they never received copies of the Bank's letters to appellant purportedly refusing to pay rent.

■ Summary judgment proceedings are not a substitute for trial when the claims asserted are not a sham or frivolous. The remedy is authorized only when the movant is entitled to judgment as a matter of law because there are no issues of material fact. *Bourk v. Iseman,* 316 N.W.2d 343 (S.D.1982); *Hurney v. Locke,* 308 N.W.2d 764 (S.D.1981); *Wilson v. Great Northern Railway Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968); SDCL 15–6–56. Based on the facts

---

**2.** Workmans' two sons were not served with the summons and complaint.

**3.** Paragraph 18 reads: If default be made by the Lessee in the payment of the rent herein stipulated, or in any of the covenants and agreements herein contained to be kept by the Lessee, and written notice of claim of default or delinquency stating particulars has been sent by the Lessor to the Lessee by registered mail, and providing any such actual default or delinquency complained has not been corrected or cured by the Lessee within thirty (30) days after receipt of such notice, then it shall be

lawful for the Lessor, at any time thereafter while such default or delinquency continues, to declare such term ended and to re-enter said leased premises, or any part thereof, either with or without process of law, and to remove the said Lessee, or any party occupying the same, and to repossess the said premises without prejudice to any remedies which might otherwise be used for arrears of rent or proceeding breach of covenants.

**4.** We assume Workmans are referring to the clauses set out in f.n. 1, *supra*.

before us, we believe the trial court correctly entered judgment in Workmans' favor against appellant. We affirm that part of the judgment. Appellant did not allege or offer evidence that Workmans had notice of default under the lease or agreement to pay rent and Workmans denied receiving such notice. Under the terms of the agreements pled, notice of default is a condition precedent to Workmans' liability for rent. Appellant, in his appeal brief and at oral argument, stressed that Workmans must have had notice because their sons helped the Bank at a liquidation sale, held on the leased premises, of Mr. Melton's property. This claimed fact is not in the record. We therefore cannot consider it on review. As Justice Henderson stated in *Pearson v. Adams*, 279 N.W.2d 674, 676 (S.D.1979):

> On appeal, the record and the transcript, if included in the record, imparts an absolute verity and is the sole evidence of the trial court's proceedings. While all parties are expected to protect themselves on the record, and all parties are obligated to see that the settled record contains all matters necessary for the disposition of the issues raised on appeal, the ultimate responsibility for presenting an adequate record on appeal falls upon the appellant. If the record is incomplete or incorrect, the remedy is by appropriate action or proceedings in the trial court to secure a correction thereof. (citations omitted)

There are questions of material fact precluding summary judgment between appellant and the Bank, for example: Did the Bank give plaintiff the notice required under the agreement to pay rent? Was the Bank an assignee of the lease? Did the Bank and plaintiff enter into an accord and satisfaction, etc.? These factual issues are contested. Whether Workmans must indemnify the Bank, if judgment is entered against the Bank on remand, is an open question.

We reverse the summary judgment in favor of the Bank and remand for trial on appellant's complaint against the Bank and the cross-claims between the Bank and Workmans.

All the Justices concur.