**Carl Everett BUCKLEY, Petitioner and Appellant,**

v.

**STATE of South Dakota, Appellee.**

**No. 13822.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 19, 1982.

Decided Aug. 24, 1983.

John J. Burnett, Pennington Co. Public Defender's Office, Rapid City, for petitioner and appellant.

Grant E. Gormley, Asst. Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

PER CURIAM.

In this post conviction relief proceeding petitioner sought relief from a judgment requiring him to serve consecutive sentences. We reverse and remand for resentencing.

 In October 1975, the trial court found petitioner guilty of criminal damage to property. The trial court's judgment ordered that petitioner "be placed on probation for a period of three (3) years...." On October 7, 1976, the trial court revoked this probation and ordered petitioner to

serve a six year prison sentence.* Following a short recess petitioner pleaded guilty to three additional offenses—two counts of burglary and one count of rape. Concurrent prison sentences of twenty, fifteen, and ten years on the burglary and rape offenses were imposed, which were to be served after, and not concurrently with, the six year sentence.

Petitioner contends the trial court was without authority to require the twenty, fifteen, and ten year sentences be served after the six year sentence. We agree.

 When petitioner's probation was revoked and he was sentenced on all four offenses, the authority of the trial court to impose consecutive sentences was limited. "If the defendant has been convicted of two or more offenses before judgment on either, the judgment may be that the imprisonment on any one may commence at the expiration of the imprisonment upon any other of the offenses." SDCL 23–48–22 (1967); now *see* SDCL 22–6–6.1. In 1975 a judgment of conviction was entered on petitioner's criminal damage offense and he was placed on probation pursuant to SDCL 23–57–5 (1967). Now *see* SDCL 23A–27–18 and compare it with SDCL 23A–27–13 (without entering a judgment of guilt the court may suspend imposition of sentence for a first offense). The October 1975 judgment included a final determination of petitioner's guilt. *See* SDCL 15–6–54(a). The absence of a specific term of imprisonment from this judgment of conviction did not render it less than a judgment. Because of the prior judgment of conviction on the criminal damage offense, the trial court was not authorized to enter a judgment ordering that petitioner's imprisonment for the more recent burglary and rape offenses commence at the expiration of the imprisonment for the earlier offense. *State v.*

*Flittie,* 318 N.W.2d 346 (S.D.1982); but *see* SDCL 22–6–6.1 (1983).

The trial court's judgment denying petitioner's requested post conviction relief is reversed and the case is remanded for resentencing on the rape and burglary convictions consistent with this opinion.

* Although the October 7, 1976, judgment and sentence recites that a six year *prison sentence* had previously been imposed for the criminal damage conviction, the trial court's findings recite that petitioner was sentenced to six years *probation*. Neither party's brief supports either of the trial court's statements with references to the settled record before us. *See* SDCL 15–26A–64. Petitioner's reply brief contains a copy of the October 1975 conviction. This demonstrates that it is important to include all relevant documents in the settled record. *See* SDCL 15–26A–47.