**In the Matter of the Application of Thomas E. ADAMS on Behalf of Randy SCHMIT for a Writ of Habeas Corpus.**

No. 14306.

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 1984.

Decided Jan. 2, 1985.

Thomas E. Adams of Voelker & Adams, P.C., Deadwood, for appellant.

Mark Smith, Asst. Atty. Gen., Pierre, for respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

MORGAN, Justice.

Appellant petitioned for habeas corpus relief in the circuit court seeking relief from a prison term that was imposed after a suspended portion of appellant's sentence was revoked. The circuit court denied habeas corpus relief and we affirm.

On April 7, 1980, after he was convicted of third degree burglary, appellant was sentenced to six years in the penitentiary. Circuit Judge R.E. Brandenburg's sentence stated: "That two (2) years of the sentence be suspended not to commence until after the four (4) year period upon the following conditions: [during the two year suspended period defendant is to make restitution for damages and pay costs and attorney's fees]." There were no other specific conditions of the suspended sentence. Judge Brandenburg's sentence also provided: "That the suspended portion of the sentence be served under the supervision of the State Board of Charities and Corrections."

Appellant was paroled from the penitentiary on June 17, 1982.

On March 22, 1983, appellant was arrested for DWI. At a revocation hearing on April 8, 1983, Circuit Judge Scott Moses decided that appellant had violated the terms of his suspended sentence, revoked appellant's two year suspended sentence, and ordered him to be returned to the penitentiary according to Judge Brandenburg's original sentence.

Appellant first contends that Judge Brandenburg had no authority to sentence him to the penitentiary and suspend a portion of the sentence. He relies on SDCL 23A–27–18 and 18.1 which, at the time of appellant's sentencing, provided:

Upon conviction of any misdemeanor or upon the first conviction in this state of a

felony, the court having jurisdiction to try the offense may suspend the execution of any sentence imposed during good behavior, subject to such conditions or restitutions as the court may impose. The suspension order or judgment can be made only by the court in which the conviction occurred. [SDCL 23A–27–18] The conditions of probation imposed pursuant to § 23A–27–12 or § 23A–27–13 or the conditions of suspension of execution imposed pursuant to § 23A–27–18, may include the requirement that the defendant be imprisoned in the county jail for a specific period not exceeding sixty days or the sentence which was imposed or which may be imposed by law, whichever is less. Such imprisonment may be further restricted to certain days or to certain parts of days specified by the court as part of such conditions. [SDCL 23A–27–18.1]

Appellant argues that these statutes do not authorize a penitentiary term and a suspension of part of the term.

In *State v. Holter*, 340 N.W.2d 691, 692–693 (S.D.1983), we upheld the sentencing court's power to suspend the final two years of a three year penitentiary term and said:

> Since "[i]mposition or execution of a sentence may be suspended by the court empowered to impose the sentence unless otherwise provided by law[,]" S.D. Const. art. V, § 5, the trial court was well within its power in sentencing appellant to three years in the penitentiary with the final two years suspended. The provisions of SDCL 23A–27–18.1 in effect at the time of sentencing, which allowed a defendant given a suspended sentence to be imprisoned in the county jail for up to sixty days, did not impair the judge's constitutional power to suspend a portion of a penitentiary sentence.[1]

Although *Holter* did not directly examine SDCL 23A–27–18, nothing in that statute changes what we said about the sentencing court's power to sentence. *See State v. Pettis*, 333 N.W.2d 717 (S.D.1983) (A trial court has the discretionary power to suspend a sentence on the condition that defendant pay child support arrearages.).

■ To read SDCL 23A–27–18 and 18.1 to be violated by the judgment entered herein is too narrow a reading. Article V, § 5 of the South Dakota Constitution provides: "Imposition or execution of a sentence may be suspended by the court empowered to impose the sentence *unless* otherwise provided by law." (Emphasis added.) No other statute has been pointed out to us that restricts the sentencing court's constitutional power to suspend a portion of appellant's penitentiary sentence. Hence, the court had the power to sentence appellant to the penitentiary and suspend a portion of the sentence.

■ The sentence certainly complies with SDCL 23A–27–18. It is a first conviction for a felony. The trial court had jurisdiction over the offense and Judge Brandenburg entered a partial suspension and imposed conditions and restitution. SDCL 23A–27–18.1 is the troublesome provision. It provides that "the conditions of suspension of execution ... may include the requirement that the defendant be imprisoned in the county jail for a specific period not exceeding sixty days ...." To read this statute to say that the legislature has provided that this is the only incarceration that can be imposed is too narrow. We read it to apply to instances where the trial court, in its sentencing scheme, sought to suspend the entire sentence, but to give the defendant a "taste" of what incarceration is like, to discourage him from violating the terms of his suspension. As originally passed, the provision for jail time was sixty days maximum. It was not until 1983 when the jail time was increased to one hundred eighty days and a sixty-day maximum in the penitentiary was added, but the legislature further provided that upon revocation any jail time or penitentiary time spent would be credited against the original sentence. We therefore reaffirm our holding in *Holter, supra.*

---

**1.** *Holter* noted the 1983 amendment of SDCL 23A–27–18.1.

■ Indeed, to hold that the suspension was illegal and void would put defendant in an anomalous situation. In *Friske v. Circuit Court*, 51 S.D. 415, 420, 214 N.W. 812, 814 (1927), this court quoted *Morgan v. Adams*, 226 Fed. 719 (8th Cir.1915): " 'Even if the order of suspension is embodied in the judgment which imposes the sentence, nevertheless the sentence is authorized and valid, while the order of suspension is unauthorized and void, and as the latter is separable from the former, the latter falls, while the sentence stands.' " The position expressed in *Morgan* and *Friske* is in accord with the great weight of authority which holds that a defendant may be required to serve his suspended and otherwise valid sentence notwithstanding the making of an unauthorized and void order suspending the sentence. Annot., 141 A.L.R. 1225, 1229 (1942). Thus, the sentence in this instance would not be a net sentence of four years as would be suggested by the dissent in *Holter, supra* (Henderson, J., dissenting), but a valid six-year sentence, which defendant should be required to serve subject only to any action of the Board of Pardons and Paroles.

■ Appellant next contends that the circuit court lacked jurisdiction to revoke his suspended sentence because at the time of the revocation of his sentence the suspended portion of his sentence had not yet begun to run, and he was a parolee who was exclusively under the jurisdiction of the Board of Pardons and Paroles. *See* SDCL ch. 24–13 and 24–15. In *Holter*, we rejected the defendant's argument that SDCL 23A–27–13 only permits revocation of a suspended sentence while a defendant is serving the suspended part of a sentence.[2] We stated: "[A] trial court may revoke a suspended sentence or probation even before a defendant begins to serve the suspended portion. [cites omitted]"

*State v. Holter*, 340 N.W.2d at 693. Nor does the Governor's power to grant pardons, S.D. Const. art. IV, § 3, or the State Board of Charities and Correction's power over state institutions, S.D. Const. art. XIV, §§ 1 and 2, limit the sentencing court's power as appellant suggests. Even though appellant might also have been a parolee subject to the supervision of the Board of Pardons and Paroles, appellant has not pointed to any statutory provision that otherwise limits the court's constitutional power to revoke the suspended portion of a defendant's sentence before the suspended portion begins to run.[3]

■ Appellant also contends that SDCL 23A–27–19 deprived the circuit court of jurisdiction to revoke his sentence. This statute provides:

A court which has the power to suspend sentence under § 23A–27–18 shall have and retain jurisdiction for the purpose of suspending any such sentence for a period of one year from the effective date of the judgment of conviction, notwithstanding the fact that the time for an appeal from such judgment is limited to a shorter period of time. A person whose sentence is suspended pursuant to this section is under the supervision of the board of charities and corrections, except as provided in § 23A–27–18.2. The board is charged with the responsibility for enforcing the conditions imposed by the sentencing judge.

This statute is simply an additional grant of power to suspend a sentence *after* it has been imposed. Nothing in this statute limits the court's power to suspend a portion of a sentence *at the time* it is imposed.

■ Finally, appellant argues that Judge Moses lacked jurisdiction to revoke appellant's suspended sentence because the conditions of his parole could not be merged

---

**2.** The portion of SDCL 23A–27–13 that appellant relies on provides: "A court may revoke such suspension at any time *during the probationary period* and impose and execute sentence...." (emphasis supplied)

**3.** A conflict might some day arise between the conditions imposed by a sentencing court and the supervision exercised by the Board over the same defendant. But we will resolve that conflict when it arises, whether it presents itself as an alleged violation of the separation of powers clause, S.D. Const. art. II, or otherwise.

into the conditions imposed as part of the suspended sentence to find that appellant had violated any conditions of the suspended sentence. Although it was not one of the conditions of his suspended sentence, appellant's alleged violation of those conditions apparently was his DWI arrest.[4] It was not necessary for the circuit court to base its decision on any probation violation, however. "[I]t is an implied condition in every suspended sentence that a defendant shall not violate the law." *State v. Holter*, 340 N.W.2d at 693.

Because appellant's sentence and the subsequent revocation of his suspended sentence were free of any errors, there was no cause for granting his request for habeas corpus relief. *See* SDCL 21–27–16. The order of the circuit court is affirmed.

WOLLMAN, J., and DUNN, Retired Justice, concur.

FOSHEIM, C.J., and HENDERSON, J., dissent.

WUEST, Acting J., not participating.

HENDERSON, Justice (dissenting).

RATIONALE ONE

For the reasons expressed in my dissenting opinion in *State v. Holter*, 340 N.W.2d 691, 694–95 (S.D.1983), and reiterated herein, I would reverse. I point out that the same sentencing judge in *Holter* sentenced in this case. In *Holter*, appellant was sentenced on May 4, 1982.

The circuit courts of South Dakota *do not have the inherent power* to suspend imposition or execution of sentences.

---

**4.** Although the attorneys referred to three parole agreements and to a parole officer's affidavit that set out appellant's alleged violations, none of these documents are part of the settled record. And even though the attorneys at the revocation hearing stated that they stipulated to the "underlying factual basis" of appellant's violation, there is no recitation of what these facts were. Appellant is at least forthright enough to state in his brief that his revocation resulted from an arrest for driving while intoxicated. We continue to emphasize the difficulty of appellate review based on matters that are not part of the settled record. *See e.g. State v.*

*State v. Marshall*, 247 N.W.2d 484 (S.D. 1976). It is a power conferred by Article V, § 5, of the South Dakota Constitution and is conferred "unless otherwise provided by law." As stated in my dissent in *Holter*, 340 N.W.2d at 694: "This latter clause obviously refers to a state statute." In *Holter*, there was no statutory authority existing for incarceration in the penitentiary as part of the suspended sentence when he was sentenced. Neither does it exist in this case.

On April 7, 1980, the date of appellant's sentencing, SDCL 23A–27–18.1 was the statute limiting the circuit court's power to suspend execution of sentences and it is indeed the troublesome provision for the majority because nowhere does its language permit imprisonment in the State Penitentiary as a condition of suspension. The only form of incarceration expressly permitted by the statute, as a condition of a suspended sentence (existing at that time), was a maximum of 60 days confinement in a county jail.[*] A sentence of six years in the South Dakota State Penitentiary with the last two years suspended was thus an illegal sentence and I thus take the position that the trial court erred in its decision below when it reviewed this sentence.

My reading is not a narrow reading of SDCL 23A–27–18.1 for that is exactly what the statute says. It provided, at the time of Schmit's sentencing, that incarceration could be in a county jail for up to 60 days as a condition of suspended sentence. Conversely, to read the statute as permitting that which the majority advocates is to read into the statute words which are not contained in print. Clearly, in the absence

*Tchida*, 347 N.W.2d 338, 340 (S.D.1984); *Buckley v. State*, 337 N.W.2d 822, 823 n. (S.D.1983); *Caneva v. Miner's & Merchant's Bank*, 335 N.W.2d 339, 342 (S.D.1983); *Pearson v. Adams*, 279 N.W.2d 674, 676 (S.D.1979).

---

[*] This was changed in 1983 by an amendment which not only permits imprisonment in the county jail for a period not to exceed 180 days but also imprisonment in the State Penitentiary for a specific period not to exceed 60 days. The amended statute does not pertain to this case.

of authority, the trial court did not have the power to impose a suspended sentence to be served after a term of years in the State Penitentiary. Schmit received an invalid sentence.

## RATIONALE TWO

Factually, we must first build our house of thought. Our foundation is the factual scenario. Appellant was sentenced on April 7, 1980, to six years in the State Penitentiary. Specifically ordered, by the trial court, was "[t]hat two (2) years of the sentence be suspended *not to commence until after the four (4) year period ....*" (Emphasis supplied.) And this was upon conditions that appellant make restitution and pay costs and fees. Continuing to build our house, the trial judge stated at the hearing: "[T]he suspended portion does not commence until you have completed the four year sentence, then you hit the two year suspended sentence." Here are the walls for our rationale: The sentence of the court further provided: "That the suspended portion of the sentence be served under the supervision of the State Board of Charities and Corrections." A parole officer filed a violation report and an affidavit asking the circuit court to revoke appellant's two-year suspended sentence. Over vigorous protest by appellant's counsel, the trial judge *revoked appellant's parole and suspended sentence.* The roof on our house is provided by statutes in this state which essentially provide that it is the executive branch, not the judicial branch, which is charged with making adjustments to the defendant's liberties via the Board of Pardons and Paroles through the Office of Charities and Corrections. For the judicial branch to dip into the executive branch and reobtain jurisdiction of appellant is a violation of the separation of powers doctrine. See, specifically, the latter part of SDCL 23A–27–19, which provides:

A person whose sentence is suspended pursuant to this section is under the supervision of the board of charities and corrections, except as provided in § 23A–27–18.2. The board is charged with the responsibility for enforcing the conditions imposed by the sentencing judge.

For once an individual is sentenced to the State Penitentiary for a period of years, he is eligible for release under two circumstances: (1) by the direction of the Board of Charities and Corrections, SDCL ch. 24–13, et seq., or (2) within one year after his original sentence upon modification of the sentence by the circuit court pursuant to SDCL 23A–27–19. Obviously, the trial judge did not act under the one-year limitation set forth in SDCL 23A–27–19. Therefore, the early release of Schmit from the State Penitentiary was determined by the Board of Pardons and Paroles. There simply is no statutory authority in this state which permits circuit courts to exercise the authority of the Board of Pardons and Paroles and to suspend a portion of Schmit's sentence after serving two years in the State Penitentiary. As one reads the sentencing judge's sentence, the intention seems clear that Schmit was to serve four years in the State Penitentiary and two years was to be suspended by some creative thought process of the sentencing judge wherein and whereby he turned his court into the Board of Pardons and Paroles. The Board of Pardons and Paroles was deeply involved in Schmit's case and his release, his fate, and his liberty was under its control. Supervision of parolees is the responsibility of the Office of Correctional Services under the control of the Board of Pardons and Paroles. SDCL 24–15–14. An agent of the Parole Board violated him. I maintain that he took his documents to the wrong branch of government. He should have made his application to the Board of Pardons and Paroles who had jurisdiction of Schmit's case and for whom he toiled. SDCL 24–15–24 mandates that the Board of Pardons and Paroles may "revoke the parole and reinstate the terms of the original sentence and conviction." Only that Board is empowered to revoke Schmit's freedom. Completing my house of thought with windows, doors, and insulation, I refer to *State v. Griffee*, 331 N.W.2d 576 (S.D.1983), where we condemned creative sentencing which exceed-

ed statutory boundaries. In conclusion, the sentencing court not only exceeded its specific statutory authority when it sentenced but it also violated the executive branch of government by using the judicial branch of government; and, moreover, it traversed, without authority, the legislative branch by attempting to combine empowering statutes to arrive at a sentence authorized by none of them.

I am authorized to state that Chief Justice FOSHEIM joins in this dissent on Rationale Two.