STATE, ex rel GRANT, Appellant v JAMESON, Acting Warden, Respondent

(17 N. W.2d 714.)

(File No. 8757. Opinion filed February 26, 1945.)

**T. R. Johnson,** of Sioux Falls, for Appellant.

**George T. Mickelson,** Atty. Gen., and **E. D. Barron,** Asst. Atty. Gen., for Respondent.

RUDOLPH, J. ■ Petitioner seeks his release from the penitentiary under a writ of habeas corpus. The facts disclose that petioner was sentenced to the penitentiary for a term of three years by the Circuit Court of Roberts County on October 13, 1941. Petitioner was committed to the penitentiary. On October 10, 1942, the court entered an order suspending the sentence, and on October 13, 1942, the petitioner was released from the penitentiary under this order. On April 24, 1944, the court entered an order revoking the suspension order, and petitioner was recommitted to the penitentiary on May 6, 1944. The record discloses that in 1935 the petitioner had been committed to the penitentiary from Roberts County, South Dakota, for a term of five years for the crime of grand larceny. The circuit court discharged the writ and petitioner has appealed.

The Constitution of this state provides:

"The legislature may empower all courts having jurisdiction to try offenses under the laws of this state, and the judges thereof, to suspend sentences of persons convicted, for the first time, of crime under the laws of this state, during good behavior, and subject to such conditions and restitution as the court or the judge thereof may impose." Constitution Art. V, § 39.

The effective legislative act at the date of the order suspending sentence provided:

"All courts having jurisdiction to try offenses under the laws of this state, and the judges thereof, shall have power to suspend the execution of sentence during good behavior, and subject to such conditions or restitutions as the court or judge thereof may impose, upon the first conviction in this state of any person, of a crime against the laws of this state. * * *" Ch. 132, Laws of 1939.

This act of 1939 was amended by Ch. 128, Laws of 1943, but under the facts presented by this record the amendment is not material. These facts disclose that in 1935 the petitioner was convicted in this state of a felony; that the sentence which the court purported to suspend was imposed subsequent to the 1935 conviction and was for a separate felonious offense. The statute and constitutional provision clearly authorize the court to suspend sentence only where the

person is convicted for the first time within this state. The court was without power or authority, therefore, to suspend the sentence of petitioner and the suspension order is void. State ex rel. Payne v. Anderson, 43 S. D. 630, 181 N. W. 839.

There is no question presented concerning the validity of the judgment of conviction. This judgment being valid and not having been completely served, petitioner was lawfully imprisoned thereunder. Where the suspension order is void it does not prevent the subsequent enforcement of the judgment, which may be enforced at any time after its rendition, so long as it remains unexecuted. Friske v. Circuit Court of Codington County et al., 51 S. D. 415, 214 N. W. 812; Annotation, 141 A. L. R. 1231.

The order discharging the writ of habeaus corpus and remanding the petitioner to the penitentiary is affirmed.

All the Judges concur.