## Commonwealth ex rel. Webb v. Cain, Warden

*G. Harmon Webb,* relator, in propria persona.

*C. William Kraft, Jr.,* District Attorney, and *R. Paul Lessy,* Assistant District Attorney, for Commonwealth.

PER CURIAM, October 2, 1945:

The petitioner pleaded guilty in the Court of Quarter Sessions of Delaware County to three bills of indictment at Nos. 294, 295 and 296 March Sessions, 1943, charging embezzlement by an attorney, fraudulent conversion and larceny by a bailee. Concurrent sentences of imprisonment for a period of not less than two nor more than five years in the Delaware County Prison were imposed on each bill. Subsequently the petitioner also pleaded guilty in the same court to five bills of indictment at Nos. 330, 334, 338, 340 and 341 June Sessions, 1943, charging embezzlement by an attorney, and to five bills of indictment at Nos. 329, 335, 337, 339 and 342 June Sessions, 1943, charging fraudulent conversion. Concurrent sentences of imprisonment for a period of not less than two years nor more than five years in the Delaware County Prison to begin at the expiration of the sentences at Nos. 294, 295 and 296 March Sessions, 1943, were imposed upon each of these bills. At the expiration of the minimum sentences imposed at Nos. 294, 295 and 296 March Sessions, 1943, the Pennsylvania Parole Board, upon application of the petitioner, granted him a constructive parole as to those sentences.

The district attorney and warden admit in their answer to the petition that the sections of the Penal Code of 1939, P. L. 872, under which the bills of indictment at June Sessions, 1943, were drawn, and upon which the petitioner was sentenced provide only for simple imprisonment in the county jail. *Com. ex rel. Stanton v. Francies,* 250 Pa. 350; *Com. ex rel. Guiramez v. Ashe,*

293 Pa. 18; *Com. v. Arbach,* 113 Pa. Superior Ct. 137; *Com. ex rel. Mingin v. Smith,* 337 Miscellaneous Docket No. 5 (Philadelphia District); *Com. ex rel. Reps v. Smith,* 313 Miscellaneous Docket No. 5 (Philadelphia District).

We are of opinion that the court below erred by imposing indeterminate sentences on *all* of the bills of indictment heretofore mentioned, but as the petitioner challenges the legality of only those imposed at the June Sessions, 1943, and in view of the fact that he has been paroled for the balance of the terms imposed on the indictments at March Sessions, 1943, we shall consider only the former.

Section 6 of the Act of June 19, 1911, P. L. 1055, as amended, 19 P.S. Sec. 1057, requiring the imposition of an indeterminate sentence, applies only to crimes punishable by imprisonment in a state penitentiary. *Com. ex rel. Guiramez v. Ashe,* supra. "Instead of an indeterminate sentence, his sentence to the county jail must be for a definite or fixed period of time." *Com. ex rel. Reps v. Smith,* supra.

While it is true that the maximum sentence in an indeterminate sentence is the *real* sentence (*Com. ex rel. Carmelo v. Smith,* 347 Pa. 495, 496; *Com. ex rel. Reps v. Smith,* supra), as the matter now stands, there is considerable doubt as to the eligibility of the petitioner for the benefits of the Commutation Act of May 11, 1901, P. L. 166, as well as the power of the Parole Board to act upon an application for parole prior to the expiration of the minimum sentence. The imposition of a definite or fixed sentence according to law will settle those doubts.

It is ordered that the prisoner be remanded to the Court of Quarter Sessions of Delaware County for resentence on Bills Nos. 329, 330, 334, 335, 337, 338, 339, 340, 341 and 342 June Sessions, 1943, by imposing definite or fixed sentences pursuant to law, as above stated.

SUPPLEMENTAL OPINION, PER CURIAM, November 19, 1945:

After our original opinion was entered, the district attorney petitioned for, and we granted, a rule to show cause why the order of October 2, 1945, should not be revoked. On the return day he and the prisoner presented oral arguments. The district attorney candidly conceded that the statutes providing for indeterminate sentences apply only to crimes punishable by commitment to penitentiaries, and not to crimes punished by simple imprisonment. He contended, however, that in the absence of a statute prohibiting indeterminate sentences, a judge may in the exercise of his judicial discretion, derived from the common law, impose indeterminate sentences for crimes punishable by simple imprisonment.

He frankly stated that an exhaustive research failed to reveal any authority which supports his position. Our own research has verified that result. We have not found one case in Pennsylvania or elsewhere which holds that indeterminate sentences were authorized or even recognized at common law or that such sentences may be pronounced for any crime, whether punishable by simple imprisonment or otherwise, without specific legislative sanction. Wherever the question has been examined, the conclusion has been uniformly to the contrary. "A sentence of imprisonment for an indeterminate period is insufficient and invalid unless authorized by statute: 24 C. J. S., Criminal Law §1993. See also *Brown v. State,* 18 Ala. App. 154, 89 So. 845; *Smith v. Bastin,* 192 Ky. 164, 232 S. W. 415; *Cook v. State,* 111 Neb. 590, 197 N. W. 421.

Even if it were discovered that the power to impose indeterminate sentences was recognized at common law, the power could not be exercised in Pennsylvania. The Penal Code of June 24, 1939, P. L. 872, §1104, 18 PS §5104, substantially re-enacting the Act of March 31, 1860, P. L. 382, §183, provides: "In all cases where a remedy is provided or duty enjoined, or anything di-

rected to be done by the penal provisions of any act of assembly, the direction of said act shall be strictly pursued; and *no penalty shall be inflicted, or anything done agreeably to the provisions of the common law in such cases,* further than shall be necessary for carrying such act into effect." (Italics supplied). It follows that only to the extent that the power to impose indeterminate sentences has been authorized by statute is its exercise valid and lawful. Cf. *Com. ex rel. Cox v. Ashe,* 146 Pa. Superior Ct. 365, 22 A. 2d 606; *Com. v. Clark,* 123 Pa. Superior Ct. 277, 187 A. 237.

The rule to show cause why the order of October 2, 1945, should not be revoked is discharged.