Commonwealth ex rel. Byers *v.* Burke, Warden.

Argued October 4, 1948; reargued March 21, 1949.
Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD
and FINE, JJ. (ROSS, J., absent.)

*Herbert L. Maris,* for petitioner.

*Franklin E. Barr,* First Assistant District Attorney,
with him *John H. Maurer,* District Attorney, for Com-
monwealth.

PER CURIAM, April 12, 1949:

This is a petition for writ of habeas corpus. Rule to
show cause why the writ should not issue was granted.
Answers and reply were filed.

The relator, on August 3, 1928, was found guilty on
four bills of indictment (Nos. 457, 458, 459, 460, July
Sessions, 1928, Court of Oyer and Terminer, Philadel-
phia County). On bill No. 457, charging robbery, he was
sentenced to the Eastern State Penitentiary for a term
of not less than ten years nor more than twenty years;
on bill No. 458, charging entering with intent to commit
a felony, to wit, robbery, he was sentenced to the Eastern
State Penitentiary for a term of not less than five years
nor more than ten years, sentence to be computed from
the expiration of sentence on bill No. 457; on bill No.
459, charging aggravated assault and battery with intent
to kill, he was sentenced to the Eastern State Peniten-
tiary for a term of not less than two and one-half years
nor more than five years, sentence to be computed from
the expiration of sentence on bill No. 458; on bill No.
460, charging aggravated assault and battery with intent

to kill, he was sentenced to the Eastern State Penitentiary for a term of not less than two and one-half years nor more than five years, sentence to be computed from the expiration of sentence on bill No. 459. Relator contends that the sentence on bill No. 457 was unlawful in that it exceeded the maximum provided by the statute for the offense charged. The maximum imprisonment which could be imposed legally for the crime of robbery (as distinguished from armed robbery), under the Act of March 31, 1860, P. L. 382, § 102, 18 PS § 2891, in force at the time of the offense, was five years. The Commonwealth concedes that this sentence must be reduced to the legal limit.

Relator's further contention is that a commutation charter signed by Governor Earle on December 23, 1938, caused the remaining three sentences on bills Nos. 458, 459, 460 to run concurrently.

Relator was first released on parole on February 19, 1931, after serving two years, six months, and sixteen days. The release was pursuant to a charter of commutation granted by Governor Fisher in which the four consecutive sentences were treated as a single sentence of from twenty to forty years, the minimum of which was commuted to two years and four months, while the maximum remained unchanged. On May 15, 1936, relator was returned to the penitentiary as a parole violator after his conviction and sentence on March 2, 1934, upon bill No. 611, February Sessions, 1934, to three years in the Philadelphia County Prison for carrying concealed deadly weapons. Relator had also been sentenced on May 8, 1933, on bill No. 522, January Sessions, 1933, to not less than thirty days nor more than three years in the Philadelphia County Prison for larceny and receiving stolen goods.

On December 24, 1938, relator was again released from the penitentiary, pursuant to a charter of commutation granted by Governor Earle, under date of Decem-

ber 23, 1938. No question is raised as to the extent of the Governor's constitutional power to grant commutations of sentence and pardons. Pa. Const., Article IV, § 9; *Flavell's Case*, 8 Watts & S. 197. Relator's argument relates merely to the effect of the charter. The commutation charter signed by Governor Earle clearly manifested an intention to preserve the consecutive character of the sentences. The relevant portion of the charter reads as follows: "THEREFORE, KNOW YE, That . . . I have commuted the maximum term of imprisonment imposed at July Sessions, A. D., 1928, on Bill #457 from a maximum of twenty years to a minimum of 5 years 1 month and 16 days, expiring on December 15, 1938, and a maximum of 20 years; on Bill #458 from a maximum of 10 years to a minimum of 1 day, expiring on December 16, 1938, and a maximum of 10 years; on Bill #459 from a maximum of 5 years to a minimum of 1 day, expiring on December 17, 1938, and a maximum of 5 years; AND ON BILL #460 from a maximum of 5 years to a minimum of 1 day, expiring on December 18, 1938, and a maximum of 5 years, so that upon the prisoner's release he shall be on parole until October 29, 1973, unless returned to the penitentiary for violation of parole." The charter treats the minimums in consecutive order, it reiterates and restates the maximums, and it concludes with the express condition that relator shall remain on parole until October 29, 1973. These facts are inconsistent with any other conclusion than that the Governor, in granting the charter, intended to preserve the consecutive order of the sentences in question. However, he was under the misapprehension that the sentence on bill No. 457 was valid, whereas, it exceeded the legal maximum by fifteen years. The correct date for the termination of relator's parole period under the charter should have been October 29, 1958. Relator, in January, 1948, was returned to the penitentiary for a technical violation of the parole rules.

The maximum sentence in an indeterminate sentence is the real sentence. *Com. ex rel. Carmelo v. Smith,* 347 Pa. 495, 496, 32 A. 2d 913; *Com. ex rel. Webb v. Cain,* 158 Pa. Superior Ct. 222, 224, 44 A. 2d 606. Assuming, as relator contends, that when returned to the penitentiary on May 15, 1936, he commenced to serve his sentence on bill No. 458, so that when released again on December 24, 1938, he had served two years, seven months, and nine days of that sentence, leaving seven years, four months, and twenty-one days of the maximum sentence on that bill, and that this was served on parole, the maximums of the consecutive sentences on bills Nos. 458, 459, 460 would not expire until May 15, 1956. Under the Governor's charter the maximum of ten years on bill No. 458 does not include the maximums on bills Nos. 459 and 460, so as to make all of them in effect run concurrently.

Relator will be given relief from the sentence on bill No. 457, illegally imposed, and it is hereby corrected so as to read "for a term of not less than two and one-half years nor more than five years." In other respects, the rule is discharged, and the petition is denied.