## Commonwealth ex rel. Hicks v. Myers

*Richard Hicks*, p. p., relator.

*John R. Graham*, Assistant District Attorney, for respondent.

TOAL, J., January 24, 1963.—Petitioner, Richard Hicks, filed a petition for a writ of habeas corpus in which he complained that he was confined in the State Correctional Institution at Graterford, Pennsylvania, under an illegal and erroneous sentence. After reviewing the record, the court on November 26, 1962, issued an order dismissing the said writ. Thereafter, petitioner filed an appeal and the court is handing down this opinion in support of the order of November 26, 1962.

The petition was prepared by petitioner and is couched in such language that makes it difficult to determine petitioner's reasons for the petition. After separating the extraneous material, petitioner would appear to contend that his sentence of two and one-half to five years on "Use of Drugs" was illegal and erroneous because:

(1) The Act of July 11, 1917, P. L. 758, sec. 5, 35 PS §855, did not concern itself with "Use of Drugs".

(2) The court had no power to impose an indefinite sentence (i.e. a minimum and a maximum) since the statutory provisions for the punishment of "Use of Drugs" requires a flat sentence.

(3) The sentence of two and one-half to five years for his first conviction on the charge "Use of Drugs" is excessive.

With respect to (1), petitioner was charged with violating section 5 of the Act of July 11, 1917, P. L. 758, 35 PS §855, which is as follows:

"No person shall use, take, or administer to his person, or cause to be administered to his person, or administer to any other person, or cause to be administered to any other person, any of the aforesaid drugs, except under the advice and direction, and with the consent, of a regularly practicing and duly licensed physician or dentist."

He pled guilty to indictment no. 15, September sessions, 1961, charging him with violation of the foregoing. For this violation he was sentenced in accordance with section 12 of the Act of July 11, 1917, P. L. 758, as amended by the Act of June 19, 1953, P. L. 290, sec. 1, 35 PS §865, which is as follows:

"(b) Any person who shall violate, or fail to comply with, any of the other provisions of this act, except as provided in the last paragraph of section eight, shall be guilty of a felony; and, upon conviction, shall be sentenced to pay a fine not exceeding two thousand

dollars, or to undergo imprisonment not exceeding five years, or both, at the discretion of the court."

Hence, petitioner was sentenced under the proper act.

With respect to (2), the Act of June 19, 1911, P. L. 1055, sec. 6, as amended by the Act of September 26, 1951, P. L. 1460, sec. 1, 19 PS §1057, invests the court with power to pronounce an indefinite or indeterminate sentence. The portions of this act applicable to this case are as follows:

"Whenever any person, convicted in any court of this Commonwealth of any crime punishable by imprisonment in a State penitentiary, shall be sentenced to imprisonment therefor in any penitentiary or other institution of this State, or in any county or municipal institution, the court, instead of pronouncing upon such convict a definite or fixed term of imprisonment, shall pronounce upon such convict a sentence of imprisonment for an indefinite term: Stating in such sentence the minimum and maximum limits thereof; and the maximum limit shall never exceed the maximum time now or hereafter prescribed as a penalty for such offense; and the minimum limit shall never exceed one-half of the maximum sentence prescribed by any court.

"Whenever any person is convicted of any crime punishable by simple imprisonment, the court may, in its discretion, pronounce a sentence either for a fixed term or an indefinite term, as may seem proper under the circumstances of the case, but in no case to exceed the maximum term prescribed by law as a penalty for such offense."

At common law, indeterminate or indefinite sentences were not authorized and could not be pronounced for any crime whether punishable by simple imprisonment or otherwise without specific legislative sanction: Commonwealth ex rel. Webb v. Cain, 158

Pa. Superior Ct. 222, 44 A. 2d 606. However, the above act sanctions such a sentence whether punishable by simple imprisonment or confinement in the penitentiary. (For an explanation of the difference between these two punishments see Commonwealth v. Arbach, 113 Pa. Superior Ct. 137. In this particular case the crime was punishable by simple imprisonment and under the aforesaid act an indefinite term of two and one-half to five years properly was pronounced.)

As to (3), section 12(b) of the Act of July 11, 1917, P. L. 758, as amended by the Act of June 19, 1953, P. L. 290, sec. 1, 35 PS §865, heretofore set forth, limits the sentence to not more than five years at the discretion of the court. The said act does not require something less than five years for a first offense. Under the circumstances of this case, the court did not abuse its discretion in sentencing petitioner to two and one-half to five years.

Hence, the petition is without merit and must be dismissed. A hearing is not necessary since the issues raised by the petition involve the record.