512 P.2d 594

Richard Louis HOOVER, Petitioner,

v.

DEPARTMENT OF CORRECTIONS of the State of Arizona; John Moran and Cliff Anderson, Respondents.

No. 11264.

Supreme Court of Arizona.

July 24, 1973.

Treon, Warnicke & Dann, P. A. by B. Michael Dann, Phoenix, for petitioner.

Gary K. Nelson, Atty. Gen. by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for respondents.

PER CURIAM.

A Petition for Special Action and/or Petition for Writ of Habeas Corpus was brought before this court and, after hearing thereon, the court took the matter under advisement. The court grants the Petition for Writ of Habeas Corpus.

The petitioner alleges that he is being illegally detained by the Department of Corrections because he has attained the age of 18 years and the applicable Arizona statutes do not give respondents legal authority to restrain petitioner beyond his minority.

In 1972 the Arizona Legislature enacted legislation which in most instances reduced the age of majority from 21 to 18 years and defined an adult as a person who has attained the age of 18 years. [*See* A.R.S. § 1–215, subsecs. 2, 4, 14 and 17]. It further provided in Laws 1972, ch. 146, § 88, "Any person under the age of twenty-one who, on the effective date of this act, is under commitment to or is subject to conditional release from the department of corrections shall remain subject to the authority of the department in the same manner as if this act had not taken effect."

Petitioner herein was committed in February of 1973 and hence was not subject to the foregoing provisions.

At the time of the commitment of the petitioner, A.R.S. § 8–246, subsec. B was in effect, which reads as follows:

The awarding of a child shall not extend beyond the minority of the child, and commitments to the department of corrections shall be for the term of the child's minority unless sooner discharged by the department of corrections.

As previously indicated, the legislature defined "majority" as meaning the age of eighteen years or more, A.R.S. § 1–215, subsec. 14, and further indicated that "minor" means a person under the age of eighteen years. A.R.S. § 1–215, subsec. 17.

Effective August 8, 1973, legislation enacted in the last legislative session will go into effect which provides that commitments to the department of corrections shall be until the child attains twenty-one years of age unless sooner discharged. A.R.S. § 8–246 as amended.

We are aware of other statutory provisions which, during this period of hiatus, caused some confusion as to the legislative intent. The foregoing statutes, however, indicate to us that as of this time there is no clear-cut statutory authority for petitioner's detention.

It is ordered that the writ issue and that the petitioner be released from custody.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.

Note: Justice LORNA E. LOCKWOOD did not participate in the determination of this matter.