**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Marley POOR THUNDER, Defendant and Appellant.**

**No. 13157.**

Supreme Court of South Dakota.

Submitted on Briefs Nov. 26, 1980.

Decided Feb. 25, 1981.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Steven D. Rich, Rapid City, for defendant and appellant.

PER CURIAM.

Appellant Marley Poor Thunder pleaded guilty to attempted rape and, on May 14, 1980, was sentenced to serve not less than five nor more than eight years in the South Dakota penitentiary. According to the judgment, the exact term of the sentence was "to be determined by the South Dakota Board of Pardons and Paroles in accordance with the laws of South Dakota pertaining thereto."

The sole issue on appeal is whether the trial court has the authority to impose an indeterminate sentence. We hold that it does not and remand for resentencing.

The offense appellant was charged with occurred on February 28, 1980. SDCL 23–48–43, the statute giving the court authority to sentence for an indeterminate term, and three other statutes [1] dealing with indeterminate sentences, were repealed by 1978 S.D.Sess.L. Ch. 178, § 577, effective July 1, 1979.

1.  SDCL 23–48–44, 23–48–45, 23–48–46.

■ The source of the sentencing power derives from constitutional or statutory provisions. See *People v. Moore*, 51 Mich. App. 48, 214 N.W.2d 548 (1974); *State v. Osterloh*, 275 N.W.2d 578 (Minn.1978); *State v. Marshall*, 247 N.W.2d 484 (S.D. 1976). The general rule is

> that an indeterminate sentence is insufficient and invalid unless authorized by statute. That general rule rests upon the proposition that indeterminate sentences were not authorized at common law and may not be pronounced without specific legislative sanction. See, 24B C.J.S. Criminal Law § 1993 a, p. 615; *Commonwealth ex rel. Webb v. Cain*, 158 Pa.Super. 222, 44 A.2d 606.

*State v. Laravie*, 192 Neb. 625, 223 N.W.2d 435, 437 (1974).

■ We are unable to find any express, inherent, or implied constitutional power allowing the imposition of indeterminate sentences. S.D.Const. art. V, § 5; see *State v. Skinner*, 59 S.D. 68, 238 N.W. 149 (1931); *State v. Osterloh,* supra. Consequently, in the absence of any statutory authority,[2] the trial court was without authority to impose an indeterminate sentence.

The case is remanded to the circuit court with directions to vacate the sentence and to resentence appellant.

---

**2.** House Bill 1017 was signed by the Governor on January 30, 1981. The provisions of this act are similar to the former SDCL 23–48–43.