### STATE of South Dakota, Plaintiff and Appellee,

v.

### Dale E. GRIFFEE, Defendant and Appellant.

### No. 13928.

Supreme Court of South Dakota.

Argued Feb. 15, 1983.

Decided March 30, 1983.

Richard Dale, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., and Judith A. Atkinson, Asst. Atty. Gen., Pierre, on the brief.

John P. Abbott of Abbott & Abbott, Brandon, for defendant and appellant.

WOLLMAN, Justice.

This is an appeal from an order committing defendant to the State Penitentiary pursuant to an earlier judgment of conviction. We affirm.

On February 8, 1982, defendant pleaded guilty to a charge of sexual contact with a child under the age of fifteen years. SDCL 22–22–7. The trial court sentenced defendant to five years' imprisonment in the State Penitentiary, "with said sentence being suspended until March 10, 1983, with the Court to consider modification of sentence after February 1, 1983, and before March 10, 1983." At the time the above described judgment was entered against him, defendant had been convicted of two prior felonies—indecent molestation of a child and grand theft.

Following an incident between defendant and a fourteen-year-old boy in Faywick Park in Sioux Falls on May 8, 1982, the State filed a complaint charging defendant with attempting to engage in sexual contact with a child under the age of fifteen years. On July 12, 1982, the State filed a motion to revoke the suspended sentence that the trial court had entered in February of 1982. Following a hearing on the motion, the court entered findings of fact, conclusions of law, and an order. The order read in part "that the Judgment and Sentence of this court dated February 12, 1982 is modified to the extent that the said De-

fendant Dale E. Griffee shall be forthwith transported to the South Dakota State Penitentiary."

Defendant contends that the trial court violated the due process requirements imposed by the United States Supreme Court's decisions in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), on parole and probation revocation proceedings. We do not reach that contention, however, because it is clear that the trial court did not have jurisdiction to either suspend the imposition of sentence and place defendant on probation or to suspend the execution of sentence and place defendant on probation in view of defendant's prior felony convictions.

SDCL 23A–27–12 provides:

After conviction of an offense not punishable by death or life imprisonment, a defendant may be placed on probation. This section shall apply only to persons who are convicted of a felony for the first time and misdemeanor offenders.

SDCL 23A–27–13 provides in part:

Upon receiving a verdict or plea of guilty for a misdemeanor or felony not punishable by death or life imprisonment by a person never before convicted of a crime which at the time of conviction thereof would constitute a felony in this state, a court having jurisdiction of the defendant, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby may, without entering a judgment of guilt, and with the consent of the defendant, suspend the imposition of sentence and place the defendant on probation for such period and upon such terms and conditions as the court may deem best.

SDCL 23A–27–18 provides:

Upon conviction of any misdemeanor or upon the first conviction in this state of a felony, the court having jurisdiction to try the offense may suspend the execution of any sentence imposed during good behavior, subject to such conditions or restitutions as the court may impose. The suspension order or judgment can be made only by the court in which the conviction occurred.

The trial court stated at the so-called revocation hearing that:

[W]hat I did was I stayed execution of the sentence for a period of one year. It is my opinion that the Court has virtually unbridled discretion as to whether or not to stay execution of a sentence and that during the period that a stay has been granted the Court has virtually unbridled discretion to discontinue that stay.

We do not agree with the trial court's analysis of its jurisdiction to stay a sentence. SDCL 23A–33–1 authorizes a trial court to stay execution of a sentence for a period not to exceed thirty days in the event a defendant announces his desire to appeal. Likewise, SDCL 23A–33–2 authorizes the stay of sentence of imprisonment if an appeal is taken and the defendant is admitted to bail. We have been directed to no statute that gives the trial court unbridled discretion to stay execution of sentence. Indeed, if the trial court's position in this case were upheld it would mean that trial courts could circumvent the legislative will, clearly expressed in the above quoted statutes, that there shall be no suspension of imposition of sentence or suspension of execution of sentence for a defendant who has been convicted of a prior felony. This legislative restriction on the power of the trial courts is quite clearly authorized by South Dakota Constitution art. V, § 5, which provides in part that "Imposition or execution of a sentence may be suspended by the court empowered to impose the sentence *unless otherwise provided by law."* (Emphasis added.)

"The power to suspend imposition of sentence is not a power inherent in the courts or legislature of this state. It is a power, which like that of suspended execution of sentence, had to be granted by constitutional amendment." *State v. Marshall,* 247 N.W.2d 484, 486 (S.D.1976). Likewise, "[t]he source of sentencing power derives

from constitutional or statutory provisions." *State v. Poor Thunder,* 302 N.W.2d 412, 413 (1981).

Our holding in the instant case is governed by *State ex rel. Grant v. Jameson,* 70 S.D. 369, 17 N.W.2d 714 (1945), wherein this court held that the trial court was without power or authority to suspend a prior offender's sentence, with the result that the purported suspension order was void. Likewise, we follow the holding in the *Jameson* case in affirming the trial court's order committing defendant to the State Penitentiary:

> There is no question presented concerning the validity of the judgment of conviction. This judgment being valid and not having been completely served, petitioner was lawfully imprisoned thereunder. Where the suspension order is void it does not prevent the subsequent enforcement of the judgment, which may be enforced at any time after its rendition, so long as it remains unexecuted.

70 S.D. at 371, 17 N.W.2d at 714.

The order of August 2, 1982, directing that defendant be committed to the State Penitentiary to serve the sentence imposed by the judgment of conviction of February 12, 1982, is affirmed.

All the Justices concur.