**In the Matter of the PUBLIC UTILITIES COMMISSION DECLARATORY RULING (F–3436).**

**Nos. 14652, 14653 and 14664.**

Supreme Court of South Dakota.

Argued Jan. 9, 1985.

Decided March 6, 1985.

Mary L. Vanderpan, Asst. Atty. Gen., Pierre, for appellant Public Utilities Com'n of the State of S.D.; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Gene R. Bushnell of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for appellants Electro-Craft, Inc., Dakota Radio Paging, Pierre Radio Paging,

Mitchell Radio Paging, Lake Area Paging, and MT Systems, Inc.

Robert B. Frieberg of Frieberg, Peterson & Travis, Beresford, for appellees cities of Beresford and Brookings, S.D.

Brian B. Meyer of Meyer & Rogers, Onida, for appellee Golden West Telecommunications Co-op., Inc.

WUEST, Acting Justice.

This is an appeal from a decision of the Sixth Circuit Court affirming in part and reversing in part a declaratory ruling issued by the South Dakota Public Utilities Commission (Commission). We affirm in part and reverse in part.

A petition for declaratory ruling by Commission was filed by appellant Electro-Craft, Inc. (Electro-Craft), a radio common carrier which has been authorized since 1966 to provide radio services to the public in the Rapid City area and other areas in western South Dakota. Electro-Craft sought a declaratory ruling by Commission, pursuant to SDCL 1–26–15, as to whether or not appellee Golden West Telecommunications Cooperative, Inc. (Golden West) could legally provide radio-paging services to the public within Electro-Craft's exclusive service territory without obtaining a certificate of public convenience and necessity from Commission. Golden West, a telephone cooperative, began offering paging services to the public in 1982 in Hot Springs and part of Fall River County, South Dakota, without a certificate of public convenience and necessity. This area is within the telephone service authorized by Commission for Golden West, as a telephone company. It is also within the area served with radio-paging services by Electro-Craft, as an authorized radio common carrier by Commission. Golden West proposed to offer radio-paging services within the Rapid City area, which is an area outside of the telephone service area of Golden West. This area is within the telephone service area of the Northwestern Bell Telephone Company (N.W. Bell). The Rapid City area has been served with radio-paging services by Electro-Craft pursuant to

radio common carrier authority from Commission.

Golden West has interconnected with its own public switch telephone network in connection with its radio-paging services in the Hot Springs/Fall River County area. In the services contemplated for the Rapid City area, Golden West would be interconnecting with the public switch telephone network of N.W. Bell.

By its declaratory ruling dated December 8, 1983, Commission ruled that Golden West was subject to its regulatory jurisdiction inasmuch as Golden West was going to provide radio-paging services in an area entirely within the exclusive service area of a radio common carrier previously authorized and certified by Commission.

Golden West appealed this ruling to the Sixth Judicial Circuit Court. Because they have municipal telephone systems, the cities of Beresford and Brookings, South Dakota, were allowed by the trial court to intervene. The trial court upheld the exercise of regulatory jurisdiction by Commission over public radio paging. The trial court, however, held that Golden West, as a telephone cooperative, and the cities of Beresford and Brookings, as municipal telephone companies, were exempt from such regulatory jurisdiction because of the provisions of SDCL 49–31–5.1.

■ This appeal presents questions of law; consequently, the decisions of the administrative agency and the circuit court are fully reviewable. *Johnson v. Skelly Oil Company*, 359 N.W.2d 130 (S.D.1984); *Matter of Change of Bed Category of Tieszen*, 343 N.W.2d 97 (S.D.1984); *Nash Finch Co. v. South Dakota Dept. of Rev.*, 312 N.W.2d 470 (S.D.1981).

Commission has been regulating and issuing permits for radio common carrier paging services to the public via interconnection with the land-line public switch telephone system since 1966 when it issued a certificate of public convenience and necessity to appellee Dakota Radio Paging of Sioux Falls, South Dakota. Commission's reasoning for regulatory action was set

forth in its report dated May 31, 1966, at page 2, as follows:

This Commission does not consider that our regulatory authority extends to radio communication service, when confined strictly to the air waves. However, when a company proposes to offer a radio service to be interconnected with a land-line telephone system, such company becomes a common carrier of telephone messages (Section 52.1301 SDC 1939) and subject to regulation as such.

Section 52.1301 of the 1939 South Dakota Code is now SDCL 49–31–1 and SDCL 49–31–2, which provide:

49–31–1. The terms "telegraph company" and "telephone company," as used in this chapter, mean all corporations, associations, and individuals, their trustees, lessees, and receivers, that now or hereafter may own, operate, manage, or control any telegraph or telephone line, system, or exchange, or any part of any telegraph or telephone line, system, or exchange, in this state.

.     .     .     .     .

49–31–2. All telegraph and telephone companies as defined by § 49–31–1 are hereby declared to be common carriers, and all laws, so far as applicable, now in force or hereafter enacted regulating common carriers, shall apply with equal force and effect to all such telegraph and telephone companies.

SDCL 49–2–2 provides:

Everyone who offers to the public to carry messages is a common carrier.

Based upon the foregoing statutes, the trial court held that Commission has regulatory jurisdiction over public radio paging. The trial court noted that the federal statutes make it clear that states are free to regulate common carriers involved in public radio paging, but private radio-paging services are within the sole jurisdiction of the federal government. 47 U.S.C.A. § 332 (1984).

■ In the case at bar, we are dealing with radio messages interconnected with telephone land-lines, not strictly radio mes-sages transmitted through the air. The radio messages travel through the land-line regulated by Commission. A message that passes through a telephone line is regulated until it reaches its destination, merely because it passes through the land-line regulated telephone. Therefore, we concur with the trial court that Commission has jurisdiction over public radio paging when interconnected with telephone lines.

The trial court further held that Golden West, as a cooperative, was exempt by the provisions of SDCL 49–31–5.1, which provide:

Telephone cooperatives organized pursuant to chapters 47–15 to 47–20, inclusive, and municipal telephone systems operated pursuant to chapter 9–41, and independent telephone companies serving less than seven thousand subscribers organized pursuant to chapter 49–30 are not subject to chapters 49–3, 49–10, 49–11, §§ 49–31–4 to 49–31–6, inclusive, §§ 49–31–12 to 49–31–14.1, inclusive, and § 49–31–19. However any telephone cooperative or municipality or independent telephone company may elect to have its rates regulated by the public utilities commission and be subject to the above. The election to be regulated shall be made by filing with the commission a certified copy of the resolution of the board of directors or the municipal governing body and the regulation shall become effective thirty days after receipt of the resolution by the commission.

■ In construing statutes, it is a court's duty to discover the true intention of the law, which is to be ascertained primarily from the language expressed therein. *Petition of Famous Brands, Inc.*, 347 N.W.2d 882 (S.D.1984); *State Theatre Co. v. Smith*, 276 N.W.2d 259 (S.D.1979); *State v. Williamson*, 87 S.D. 512, 211 N.W.2d 182 (1973).

■ By the terms of SDCL 49–31–5.1, telephone cooperatives, municipal corporations, and others, are exempt from SDCL 49–3, the general regulations for common carriers.

SDCL 49–31–5.1, however, does not exempt telephone cooperatives, municipal corporations, and small independents from SDCL 49–31–2, 49–31–3, 49–31–15, and 49–31–20. The latter sections provide that telephone companies are common carriers subject to regulation, and the interconnection of telephone lines. These sections further provide for issuance of public convenience and necessity certificates. As a result, telephone cooperatives, municipal corporations and others are still subject to regulation, the law on interconnection, and the issuance of public convenience and necessity certificates. But SDCL 49–31–5.1 did exempt cooperatives, municipalities, and others from SDCL 49–31–4 to 49–31–6, inclusive; SDCL 49–31–12 to 49–31–14.1, inclusive; and SDCL 49–31–19. These latter statutes deal with rates, rate regulations, and charges for switching. This indicates to us that the legislature was intending to exempt cooperatives, municipalities, and small independent telephone systems from rate regulations when they enacted SDCL 49–31–5.1, as stated in that statute. It also indicates that by leaving the statutes standing as to regulation, interconnection of lines, and issuance of public necessity and convenience certificates, they intended cooperatives, municipalities, and small independent telephone systems to be so regulated and subject to those statutes. (SDCL 49–31–2, 49–31–3, 49–31–15, and 49–31–20).

Therefore, we hold that a cooperative, municipality, or small independent company offering paging services interconnected with a telephone line are subject to the jurisdiction of Commission, as provided by SDCL 49–31–2, 49–31–3, 49–31–15, and 49–31–20.

We affirm the circuit court's decision that Commission has jurisdiction over a public radio-paging service when interconnected with a telephone line. We reverse that part of the decision holding that Golden West, a cooperative, is exempt by the provisions of SDCL 49–31–5.1 from jurisdictions determined by the circuit court.

All the Justices concur.