STATE of South Dakota, Plaintiff and Appellee,

v.

Thomas P. WALDNER, Defendant and Appellant.

No. 14970.

Supreme Court of South Dakota.

Considered on Briefs Nov. 18, 1985.

Decided Jan. 29, 1986.

Sherri L. Sundem, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meirhenry, Atty. Gen., Pierre, on brief.

Richard Braithwaite, Sioux Falls, for defendant and appellant.

HENDERSON, Justice.

## ACTION

This is an appeal by Thomas P. Waldner (Waldner), defendant-appellant herein, from an amended order which revoked his suspended sentence and reimposed a nine-year penitentiary term. For the reasons expressed below, we hold that the circuit court was without jurisdiction to suspend Waldner's sentence; that the suspension order is void; and that the original nine-year sentence be enforced.

## FACTS

On October 27, 1981, Waldner was convicted of third offense DWI. *See* SDCL 32–23–1 and SDCL 32–23–4. Under the latter statute, a person convicted of a third or subsequent DWI offense is guilty of a Class 6 felony. On December 12, 1983, Waldner was convicted of Eluding, SDCL 32–33–18, and Intentional Damage to Property, SDCL 22–34–1, and he was fined $1,250 and sentenced to one year in the Huron Regional Correction Center. A conviction under SDCL 22–34–1, wherein the damage to property exceeds $200 is a Class 4 felony, but the record herein does not disclose whether Waldner's SDCL 22–34–1 conviction was a felony conviction.

On January 19, 1984, while a prisoner at the Huron Regional Correction Center and following a temporary leave granted for a specific purpose or limited period, Waldner failed to return to the Huron Correction Center. A complaint charging Waldner with the offense of Escape, SDCL 22–11A–1 and SDCL 22–11A–2, was filed and on February 23, 1984, an Information for Habitual Offender was also filed. On April 30, 1984, after entering a plea of guilty to the crime of Escape, Waldner was sentenced to serve nine years in the South Dakota State Penitentiary and the Habitual Offender Information was dismissed by motion of the prosecuting state's attorney. On March 27, 1985, Waldner again appeared before the circuit court and that court suspended the balance of Waldner's Escape sentence and placed him under the supervision of the Board of Charities and Corrections.

On April 13, 1985, Waldner was arrested and taken into custody for DWI, SDCL 32–23–1(2); Open Container in Motor Vehicle, SDCL 35–1–9.1; and Driving While Under Suspension, SDCL 32–12–65. A Petition for Revocation of Suspended Sentence was filed with the circuit court on April 15, 1985, alleging Waldner violated several provisions of his suspended sentence agreement. On this same date, Waldner appeared before the circuit court for an initial appearance on the revocation petition. Waldner requested counsel and the proceedings were thereafter terminated.

A hearing on the revocation petition was conducted on April 23, 1985, and at the conclusion thereof, the circuit court revoked Waldner's regulated freedom and ordered his return to the Penitentiary to serve the remainder of his nine-year sentence. From this order, Waldner now appeals.

## DECISION

On appeal, Waldner raises four issues which address the propriety of the proceedings which led to the revocation of his suspended sentence. We, however, determine that such issues need not be addressed, because the circuit court was without jurisdiction to suspend Waldner's Escape sentence.

■ Jurisdiction, although not raised by either party on appeal or at the trial level, may be addressed by this Court sua sponte. *See State v. Oban,* 372 N.W.2d 125, 130–31 (S.D.1985); *State v. Huftile,* 367 N.W.2d 193, 195 (S.D.1985); *Long v. Knight Constr. Co.,* 262 N.W.2d 207, 209 (S.D. 1978); *Estate of Putnam,* 254 N.W.2d 460, 461 (S.D.1977); and *Shryock v. Mitchell Concrete Products,* 87 S.D. 566, 567–68, 212 N.W.2d 498, 499 (1973). Thus, although a jurisdictional issue was not raised below or on appeal, we are *required* to address this issue. *Oban; Huftile.*

■ South Dakota Constitution Article V, § 5, provides in relevant part: "Imposition or execution of a sentence may be suspended by the court empowered to impose the sentence *unless otherwise provided by law.*" (Emphasis supplied.) Under SDCL 23A–27–19, a court may suspend sentence within one year from the effective date of the judgment of conviction and have the offender released from prison, if the court had the power to suspend sentence under SDCL 23A–27–18. Under SDCL 23A–27–18, however, the circuit court can only suspend sentence upon conviction of any misdemeanor or upon the *first conviction in South Dakota of a felony.* Thus, if an offender has previous South Dakota felony convictions, the circuit courts of this state do not have the power, authority, or jurisdiction to suspend sentence via SDCL 23A–27–18 or SDCL 23A–27–19. *See State v. Griffee,* 331 N.W.2d 576 (S.D.1983), and *State ex rel. Grant v. Jameson,* 70 S.D. 369, 17 N.W.2d 714 (1945). If the circuit court was without power, authority, or jurisdiction to suspend a prior offender's sentence, the purported suspension order is void, and the original judgment may be enforced at any time after its rendition, so long as it remains unexecuted. *Griffee; Jameson.*

■ In the case now at bar, Waldner, the offender, prior to the suspension of his Escape conviction prison sentence, had at least one, and possibly two, previous South Dakota felony convictions. Since the record herein establishes the existence of at least one prior South Dakota felony conviction, we hold that the circuit court was without the power, authority, and jurisdiction to suspend Waldner's Escape sentence and that the purported suspension order is therefore void. The unexecuted remainder of Waldner's nine-year prison sentence is to be enforced with credit given for all time spent during actual imprisonment or incarceration.

We accordingly reverse the circuit court's decision to revoke the suspension order for the reason that the suspension order was void in the first instance; however, in so reversing, we remand with instructions to the circuit court to enforce its original nine-year sentence on the crime of Escape, less proper credit for time served on the sentence, either by way of pretrial or post-trial incarceration.

MORGAN and WUEST, JJ., HERTZ, Circuit Judge, Acting as Supreme Court Justice, and HEEGE, Circuit Judge, concur.

HEEGE, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.