In the Matter of the Grievance of
**Marilyn LEHR, Grievant and
Appellant,**

v.

**DEPARTMENT OF LABOR OF the
STATE OF SOUTH DAKOTA,
Employer and Appellee.**

No. 15172.

Supreme Court of South Dakota.

Submitted on Briefs May 20, 1986.

Decided July 24, 1986.

Ronald J. Hall of Siegel, Barnett & Schutz, Aberdeen, for grievant and appellant.

Drew Johnson, Sp. Asst. Atty. Gen., S.D. Labor Dept., Aberdeen, for employer and appellee.

WUEST, Justice.

Grievant/appellant, Marilyn Lehr (Lehr), appeals from a circuit court judgment dismissing her appeal from the South Dakota Career Service Commission's (Commission) decision upholding the South Dakota Department of Labor's (Department) action to demote Lehr from Statistical Assistant to Staff Assistant II. We reverse and remand for a decision on the merits.

Lehr worked in the Research and Statistics (R & S) section of Department in Aberdeen, South Dakota, from June 1959 until July 1983. In April 1976 she was promoted to Statistical Assistant. Shortly before April 1, 1983, her direct supervisor gave Lehr an unsatisfactory rating on her performance as third person in line to answer the telephone. On April 1, 1983, Lehr talked to Julie Johnson (Johnson), who had been Deputy Secretary of Department since February 1983, about the performance appraisal. Johnson later talked to Jewel Husby (Husby), Chief of the R & S section, concerning Lehr's complaint. On April 5, 1983, Husby terminated Lehr's employment with Department on the grounds that Lehr bypassed her supervisors by complaining to Johnson and because Lehr violated warnings about answering the telephone.

Lehr initiated a grievance over her firing. Prior to a decision on her grievance, Department and Lehr entered into a written agreement, which reinstated Lehr to her Statistical Assistant position on May 9, 1983, with the condition that she successfully complete a thirty-day work improvement program. The program was extended another thirty days. Department demoted Lehr on July 11, 1983, based on results from the program. After receiving no relief from the grievance procedure, Lehr appealed Department's demotion action to Commission, which, after a hearing, upheld the demotion. This decision was then appealed to the circuit court.

The circuit court held Department had no authority to enter into the agreement with Lehr; therefore, Commission had no jurisdiction to hear her appeal from the demotion and, consequently, the court had no jurisdiction to hear the appeal from the Commission to it.

The court did find Lehr was subject to the provisions of the Career Services Personnel Management Act. SDCL ch. 3–6A. Under the provisions of SDCL 3–6A–36, Commission has authority, pursuant to SDCL ch. 1–26, to adopt rules for grievances and appeals to Commission for career services personnel. Commission has adopted such rules. See A.R.S.D. 55:01:13 and 55:01:14. Under these rules, an employee may appeal to Commission from a dismissal or demotion after exhausting all grievance procedures. A.R.S.D. 55:01:13:04.

Neither Lehr nor Department raised the jurisdiction issue in the trial court. It was raised on the court's own motion. Department takes no position on the jurisdiction issue on appeal, except to contend that the circuit court could determine whether or not it had jurisdiction of the appeal. We agree the trial court could determine whether it had jurisdiction of the appeal. In this court's recent opinion, *State v. Waldner*, 381 N.W.2d 273, 275 (S.D.1986), we stated:

> Jurisdiction, although not raised by either party on appeal or at the trial level, may be addressed by this Court sua sponte. *See State v. Oban*, 372 N.W.2d 125, 130–31 (S.D.1985); *State v. Huftile*,

367 N.W.2d 193, 195 (S.D.1985); *Long v. Knight Constr. Co.*, 262 N.W.2d 207, 209 (S.D.1978); *Estate of Putnam*, 254 N.W.2d 460, 461 (S.D.1977); and *Shryock v. Mitchell Concrete Products*, 87 S.D. 566, 567–68, 212 N.W.2d 498, 499 (1973). Thus, although a jurisdictional issue was not raised below or on appeal, we are *required* to address this issue. (Citations omitted.) (Emphasis in original.) This rationale also holds true at the trial level where, as in this case, the trial court was acting as an appellate court.

We agree, however, that the trial court's decision dismissing the appeal derived from a fundamental misapprehension of the nature of the appeal considered by Commission. The trial court's ultimate conclusion appears to be that Lehr was never legally rehired.

The Agreement does suggest that Lehr was rehired only on a "trial basis" and, in order to be returned to Statistical Assistant without being again terminated, she would have to meet the condition that she satisfactorily pass a work improvement program. Perhaps this is what the circuit court was referring to when it said that "[t]he Settlement Agreement did not provide for an unconditional hiring which the court could recognize."

If the semantics are carried to their logical conclusion, then Lehr was never rehired to the former status. Lehr, however, returned to Department on May 9, 1983, with the former pay, benefits, and job level, and there she remained until July 11, 1983, when she was demoted to Staff Assistant II.

At this point, we must consider Lehr's "trial basis" and the condition for her remaining, merely as qualifying the nature of Lehr's employment and not as qualifying the existence of that employment. The truth remains that Lehr was rehired and thereafter demoted, but the trial court never made a decision on her demotion appeal.

Based on the grievance procedures of A.R.S.D. 55:01:14, Lehr was timely in her appeal to Commission as it concerned her demotion, again, not her earlier termination. Commission did have jurisdiction to hear the appeal.

Lehr sets forth a number of issues regarding her demotion, which have not been addressed by the trial court. Notwithstanding the fact that the trial court is acting as an appellate court in this action, we believe it is sound policy to remand the case to the trial court to decide these issues. This is consistent with our prior rulings that "[i]ssues not presented at the trial court level are not properly before this Court." *Weber v. South Dakota Dept. of Labor, Etc.*, 323 N.W.2d 117, 120 (S.D. 1982); *see also Weaver v. Boortz*, 301 N.W.2d 673 (S.D.1981); *Estate of Assmus*, 254 N.W.2d 159 (S.D.1977).

We therefore reverse and remand the dismissal of her appeal by the trial court.

All the Justices concur.