STATE of South Dakota, Plaintiff and Appellee,

v.

Ricky L. BYRD, Defendant and Appellant.

Nos. 15244, 15245.

Supreme Court of South Dakota.

Dec. 30, 1986.

**748**

Craig M. Eichstadt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Steve Miller of Cummings Legal Clinic, P.C., Sioux Falls, for defendant and appellant.

WUEST, Chief Justice.

Appellant appeals two criminal convictions based on a claim the circuit court lacked jurisdiction over him to hear either case. We affirm.

On June 24, 1985, appellant Ricky L. Byrd (appellant) and two others stole a car in Sioux Falls and drove it to Rock Rapids, Iowa, where they vandalized and abandoned the car. Appellant was charged with grand theft which was later amended to the misdemeanor offense of unauthorized use of a motor vehicle. Following his initial court appearance on the theft charges, the court reduced the pre-trial detention restrictions and authorized work release from the county jail. Defendant did not return to jail as ordered. A week later, he turned himself in to the authorities in Decatur, Georgia. He was charged with escape and later convicted on both counts and sentenced to time served in the county jail on the misdemeanor charge and five years at the South Dakota Penitentiary on the escape charge. At the time of committing both offenses the appellant was over 18 years of age but was under probationary supervision as a juvenile under the provisions of SDCL 26–8–1(3) which, for the purposes of ch. 26–8, provides that a "child" is "a person less than eighteen years of age, *and any person under twenty-one years of age under the continuing jurisdiction of the court,* or who is before the court for an alleged delinquent act committed prior to his eighteenth birthday." (Emphasis supplied.)

Appellant does not challenge guilt of either offense. Rather, he contends he was under the continuing jurisdiction of juvenile court as a "child" pursuant to SDCL 26–8–1(3), and therefore he was not subject to the ordinary criminal jurisdiction of the circuit court as an adult for crimes he committed after age eighteen since there was no transfer hearing as required by SDCL 26–11–4, which provides: "The circuit court may, in its discretion, in any case of a delinquent child, after transfer hearing, permit such child to be proceeded against in accordance with the laws that may be in force in this State governing the commission of crimes, petty offenses or violation of municipal ordinances." SDCL 26–11–4.

The State does not dispute that appellant was under the continuing jurisdiction of the juvenile section of the circuit court at the time both offenses took place. However, State argues that defendant's view is erroneous. State also argues that defendant raised the issue before the trial court under the theft charge but neglected to do so under the escape charge and therefore did not preserve the issue for appeal. Although not raised by either party on appeal or at the trial level, this court may address jurisdiction *sua sponte. In the Matter of the Grievance of Lehr v. Department of Labor,* 391 N.W.2d 205 (S.D. 1986); *State v. Waldner,* 381 N.W.2d 273, 275 (S.D.1986).

■ There are no factual disputes, and the matter is a question of law. For that reason, the case is fully reviewable, and no presumption attaches to the determination of the circuit court. *Public Utilities Declaratory Ruling*, 364 N.W.2d 124, 126 (S.D.1985); *Johnson v. Skelly Oil Co.*, 359 N.W.2d 130 (S.D.1984).

Defendant claims he is not seeking an exemption from prosecution for crimes committed as an adult merely because he has committed other crimes before he reached the age of eighteen. Rather, he proffers that he is only seeking the protection afforded under the juvenile jurisdiction and transfer statutes.

■ A "delinquent child" is any *child* ten years or older who has committed a crime that is not petty in nature or involves hunting, fishing, boating, park or traffic laws. SDCL 26–8–7. Appellant argues that if he was a child under SDCL 26–8–1(3) because he was between age eighteen and twenty-one but still under the continuing jurisdiction of the juvenile division, then due to the nature of his offenses under SDCL 26–8–7, he would therefore be a "delinquent child" who could only be proceeded against as an adult for his crimes if preceded by a transfer hearing under SDCL 26–11–4. Appellant uses SDCL 26–8–1(3) to declare himself a "child" in order to fit under the definition of a "delinquent *child*" under SDCL 26–8–7 who must be given a transfer hearing before he may be tried as an adult. SDCL 26–11–4. We don't believe the plain language of the statutes, when read together, can support this claim. Nor do we believe that the Legislature could have intended that this be the case.

The appellant stretches the plain meaning of SDCL 26–8–1(3). That statute exists only to allow the juvenile court supervision of an individual who committed a crime as a minor and then turns eighteen while his probation or other disposition is still in effect. To suggest that one who commits a crime after age eighteen should not be tried as an adult simply because the juvenile court is still administering its supervi-

sion because of a crime the person committed as a juvenile is not a reasonable interpretation of SDCL 26–8–1(3). The definition of a "child" in SDCL 26–8–1(3) provides the basis for allowing a juvenile court to continue to monitor juvenile appellants beyond their eighteenth birthday rather than having all probation or dispositional arrangements cease just because the person turns eighteen. The statute defines a person between the ages of eighteen and twenty-one as a "child" only to allow jurisdiction for a continuing juvenile program which has not yet expired before the person becomes an adult. *See, People in Interest of C.E.B.*, 263 N.W.2d 874 (1978). It does not create a separate class of adults that may not be tried as such for any crime they might commit beyond their eighteenth birthday.

Whether or not an individual can be tried in a certain court is a jurisdictional issue, but SDCL 26–8–1(3) does not determine initial jurisdiction. There is no reason to believe that these statutes in conjunction create a jurisdictional bar to proceedings in circuit court against eighteen year olds who have committed a crime. SDCL 26–8–1(3) creates a post-majority dispositional power in juvenile courts. It does not exist in conjunction with the other two statutes in order to require a transfer hearing for an adult who commits a crime.

A person becomes an adult at age 18. SDCL 26–1–1. As is clear under SDCL 26–8–47, "nothing in this chapter shall be construed to change the age of minority of any child for any purpose except the custody of a child who has been found to be a dependent, neglected, or delinquent child under the provisions of this chapter."

■ The purpose of rules of construction of statutes is to discover the true intention of the law, and said intention is to be ascertained primarily from the language expressed in the statute. *Petition of Famous Brands, Inc.*, 347 N.W.2d 882 (S.D. 1984). The context in which the term "child" is used in ch. 26–8 plainly requires a different understanding of its true application than that which the appellant at-

taches by his logic. We believe the appellant's construction is not consistent with the intent of the statutes.

We affirm the decision of the trial court.

MORGAN and SABERS, JJ., and FOSHEIM, (Retired) J., concur.

HENDERSON, J., concurs with a writing.

MILLER, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

HENDERSON, Justice (concurring).

In this case, the defendant would have the highest Court of this state hold that he is exempt from the prosecution of crimes which he committed as an adult simply because he committed other crimes before he obtained the age of eighteen. This cannot be. A legal antinomy * would be created if juveniles, who have committed crimes in the past and who are under jurisdiction of the juvenile division of the circuit court, were exempt from adult court prosecution because they had a prior criminal history. When as a child, he is to be treated as a child. When as an adult, he is to be treated as an adult. This defendant was an adult, at the age of eighteen, when he committed these offenses. A person becomes an adult in South Dakota at the age of eighteen. SDCL 26–1–1.

---

* An antinomy, in philosophical use, is a contradiction between two laws, principles, or conclusions; the term is applicable to one concept or thing which contradicts another concept or thing and is irreconcilable with it; "paradox" and "anomaly" are not true synonyms of "antinomy," but all three express or reveal an inherent contradiction and are not always clearly distinguished or used.